Weygandt, C. J.
 

 The operative facts in this case are not in dispute.
 

 In April, 1939, the plaintiff was the owner of a certain residence property which he rented to a tenant who occupied the premises for a period of approximately nine months and then left without paying two charges of $1.20 and $.80 respectively for water supplied by the defendant during the'tenancy. The defendant then shut off the water line leading to the plaintiff’s property. At that time the premises were unoccupied. About eight months later the plaintiff rented the property to another tenant who requested the defendant to again supply water therefor, but this was refused because of the delinquent charges. Then in order to obtain a supply of water for the use of his new tenant the plaintiff under protest paid the bills. In his action the plaintiff seeks recovery of this sum on the theory that the defendant city is without au
 
 *103
 
 thority to hold either himself or his property liable for water it supplies to such property upon the request and for the use of his tenant.
 

 The defendant relies upon one of its ordinances then reading in part as follows:
 

 “Any owner of real estate premises installing or maintaining water service connections shall be considered as accepting the provisions of all lawful rules and regulations of the department of waterworks and as agreeing, in particular, to be liable for all water and service charges for such premises, whether the accounts for such premises are carried in the name of such owner or in the name of tenants or other persons.”
 

 Another section of the ordinance authorizes the city to shut off the supply of water upon default in payment.
 

 The single question confronting this court in this case is not whether this court approves the policy involved in these provisions of this ordinance; rather, it is simply whether the council of the defendant city possessed the legislative power to adopt this ordinance making the owner of real estate liable for water supplied by the city through connections installed or maintained by such owner.
 

 The answer is found in the following language of Section 4, Article XVIII of the Constitution of Ohio:
 

 “Any municipality may acquire, construct, own, lease and operate within or without its corporate limits, any public utility the product or service of which is or is to be supplied to the municipality or its inhabitants, and may contract with others for any such product or service.”
 

 In construing this section this court made the following pronouncement in the third paragraph of the syllabus in the case of
 
 Board of Education of City
 
 
 *104
 

 School Dist. of Columbus
 
 v.
 
 City of Columbus,
 
 118 Ohio St., 295, 160 N. E., 902:
 

 “Municipalities derive the right to acquire, construct, own, lease and operate utilities the product of which is to be supplied to the municipality or its inhabitants, from Section 4 of Article XVIII of the Constitution and the Legislature is without power to impose restrictions or limitations upon that right.”
 

 This language is dispositive of the case, including the plaintiff’s contention that the ordinance is invalid because of an implied conflict with Sections 3957 and 3958, G-eneral Code, which do not authorize a municipality so to conduct the proprietary function of supplying water to its inhabitants. The first difficulty with this view is that these statutes do not prohibit such a course and hence are not in conflict with the constitutional provisions. Secondly, these provisions of Section 4 are clear, specific and self-executing, and the powers therein enumerated are not subject to restriction by statute. The plaintiff relies, too, upon the limitation in Section 3 of the same Article to the effect that municipalities “shall have authority to exercise all powers of local self-government and to adopt'and enforce within their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws.” However, these powers are general while those enumerated in Section 4 are specific and not impliedly restricted by the separate limitation in Section .3.
 

 The plaintiff insists further, that the question here raised was decided by this court in the cases of
 
 Hohly, Dir.,
 
 v.
 
 State, ex rel. Summit Superior Co.,
 
 128 Ohio St., 257, 191 N. E., 1, and
 
 Home Owners’ Loan Corp.
 
 v.
 
 Tyson,
 
 133 Ohio St., 184, 12 N. E. (2d), 478. Two difficulties likewise arise with this contention. In the first place, the instant question was not decided in either case. In the
 
 Hohly case
 
 this court held simply
 
 *105
 
 that “neither Sections 3957 and 3958, General Code, nor Sections 41 and 1415 of the Code of 1919 of the city of Toledo, Ohio, create nor authorize the creation of a lien upon real property for charges for water supplied by such city to the premises of defendant in error.” In the
 
 Tyson case
 
 this court decided merely that the “provisions of Section 4361, General Code, do not authorize a lien upon real property prior to a previously recorded mortgage thereon.” The second difficulty with this contention of the plaintiff is that the defendant municipality makes no claim that the ordinance establishes a lien on the plaintiff’s property. The city’s position is that under the provisions of the ordinance the plaintiff was personally liable for the two charges he paid and he is not entitled now to recover the $2. He complains that the city did. not notify him of his liability and says he entered into no agreement with the city. However, it is not disputed that the ordinance was duly adopted and had been in full force and effect for nine years before these charges were incurred. When the plaintiff purchased the property and thereafter continuously maintained the existing water service connections thereon, he brought himself within the ordinance by impliedly accepting its terms; no express' agreement was necessary. Possibly it should be added that of course this arrangement between the plaintiff and the city in no way prevented an independent agreement between the plaintiff and his tenant requiring the latter to pay the water charges as a condition of the tenancy.
 

 In the case of
 
 City of East Grand Forks
 
 v. Luck, 97 Minn., 373, 107 N. W., 393, 6 L. R. A. (N.S.), 198, the Supreme Court of that state sustained the validity of provisions similar in character to the questioned ordinance except for the immaterial diffefence that in that state they were in the form of a statute which read as follows:
 

 
 *106
 
 “The owner of private property, which property has upon it pipes connected with the city waterworks to convey water thereto, shall, as well as the lessee of the premises, be liable to the city for the rents or rates of all water from said waterworks used upon said premises, which may be recovered in an action against such owner, lessee or occupant, or against any or all of them.”
 

 Finally, it should be observed that the plaintiff makes no contention that the provisions of the ordinance violate the “due process” clauses of either the federal or the state Constitution.
 

 The Court of Appeals is correct in its holding that the plaintiff owner is not entitled to recover from the defendant city the $2 paid by him to the city for water supplied by it to bis tenant through connections maintained on the premises by the plaintiff; and the judgment must be affirmed.
 

 Judgment affirmed.
 

 '
 
 Matthias, Hart, Zimmerman and Turner, JJ., concur.
 

 Bell and Williams, JJ., not participating.