**COLLEY, Etc., et al, Plaintiffs-Appellants, v. VILLAGE OF ENGLEWOOD, et al., Defendants-Appellees.**

Ohio Appeals. Second District, Montgomery County.

No. 1887. Decided January 3rd, 1947.

Irvin Carl Delscamp, Dayton, for plaintiffs-appellants.
Webb R. Clark, Dayton, for defendants-appellees.

## OPINION

By MILLER, J.

This is an appeal on questions of law and fact from the Court of Common Pleas of Montgomery County, Ohio. The plaintiff brings this action on behalf of himself and other owners of real property in the Village of Englewood, Ohio, who are similarly situated, to enjoin the Village of Englewood from certifying any charges or further charges of rent against nonusers of its sewer system and which real property is not served by connections to its system. The action seeks further to enjoin the County Auditor and County Treasurer of Montgomery County from collecting and enforcing the collections of said sewer charges from nonusers.

The Village of Englewood, by ordinance No. 114, passed on the 7th day of January, 1941, provided in Section 9 of said ordinance the following:

Section 9:

"Effective on and after July 1st, 1941, all properties within the corporation limits of the Village of Englewood, Ohio, accessible to sewer shall pay sewer rental charges whether the properties are users or nonusers of the sewer system."

The record discloses that the plaintiff, William E. Colley, and others in the Village of Englewood, Ohio, had sewage facilities without the use of the said sewer system and have not connected up with it. The plaintiff's system of sewage disposal was by means of a cesspool which was constructed prior to the sewage system. The record discloses further that ordinance No. 96 of the Village of Englewood prohibits the establishment or maintenance of privies, cesspools, private sewers, etc.

Resolution No. 52 provides for the shutting off of water service to users delinquent in the sewer rental.

The plaintiff is relying upon §3891-1 GC, which provides:

" * * may by ordinance establish just and equitable rates or charges of rents to be paid to such * * village, for the use of such sewerage, * * by every person * * whose premises are served by a connection to such sewerage."

It is the contention of the defendant that a municipal corporation derives its authority to construct, maintain and operate a public utilitiy under **Article XVIII, Section 4** of the **Constitution** of Ohio. Section 4 provides:

"Any municipality may acquire, construct, own, lease and operate within or without its corporate limits, any public utility the product or service of which is or is to be supplied to the municipality or its inhabitants, and may contract with others for any such product or service. The acquisition of any such public utility may be by condemnation or otherwise, and a municipality may acquire thereby the use of, or full title to, the property and franchise of any company or person supplying to the municipality or its inhabitants the service or product of any such utility."

Our Supreme Court in the case of the **Board of Education v The City of Columbus, 118 Oh St 295,** and also more recently in **Pfau v The City of Cincinnati, 142 Oh St 101,** held that the provisions of **Section 4, Article XVIII** of the Constitution of Ohio, apply to the construction of a public utility by a municipality, are self-executing, and the powers therein enumerated are not subject to restriction by the General Assembly. We are, therefore, of the opinion that §3891-1 GC is not exclusive; that since the defendant had the right under the section of the Constitution enumerated above, to acquire the sewage system, it had also the right to provide for the payment for the same by assessment against those enjoying its benefits, providing the same is equitable, fair and reasonable. The question of a sanitary sewage disposal system as against individual cesspools from the standpoint of public health is no longer a debatable one. The plaintiff received a benefit from the system and it was admitted by his counsel in oral argument that it appreciated the value of his property.

Counsel for the plaintiffs have referred to the case of **Thompson v Green, 28 OO 93,** which we do not believe is similar to this case. The subject of the action was the right of the City of Columbus to make a charge against property for the removal of garbage and rubbish. The Court held that no charge could be made against persons who did not use the service. The trial court in the case at bar held, and we think properly so, that a sewage disposal system is a capital expenditure serving the entire community, which is true whether the property owners have an individual connection or not; that it would not be practical to install such a system for only

those who cared to tap into it, and exclude others who did not care to make such a connection; that a garbage or rubbish removal, which consists of sending a truck around over the city renders a service only to those who use it; that every property owner in the Village of Englewood has a responsibility toward the public health of his community and since this can best be served by the sewerage disposal system instead of individual cesspools, as long as the rates are fair, reasonable and indiscriminatory, that the village has the right to make the charges set forth in ordinance No. 114.

We have examined all the other cases cited by the plaintiffs and find that the facts in these cases are not similar to those in the case at bar and are, therefore, not applicable. The case of **Pfau v City of Cincinnati, 142 Oh St 101**, is applicable and the legal principles therein announced are controlling.

We are, therefore, of the opinion that since the General Assembly had no power to restrict this defendant in the manner of the payments for this sewage system so long as the charge is not discriminatory but alike to all citizens or property owners along the sewage system, Section 9 of ordinance No. 114 of the Village of Englewood is a valid regulation, and cause remanded.

The plaintiffs' petition will, therefore, be dismissed and the judgment rendered for the defendants.

HORNBECK, PJ, and WISEMAN, J, concur.