RIPPERGER *v.* CITY OF GRAND RAPIDS.

1. MUNICIPAL CORPORATIONS—SEWAGE CHARGES—WATER METERS.
   Trial court's finding of fact that water which passed through water meter during winter quarter would fairly represent for the whole year the amount of water entering the sewer is affirmed in suit to enjoin city's collection of sewage utility charges (City of Grand Rapids Ordinance No 1340).

2. SAME—SEWAGE CHARGES—TAXATION.
   Charges for sewage service furnished by a city and based upon consumption of water do not constitute taxes as no one is compelled to take such service unless he chooses although enforcement for payment is permitted to be made in the same method as payment for taxes is enforced (City of Grand Rapids Ordinance No 1340).

3. SAME—PUBLIC UTILITIES—TAXATION.
   Payments by users for the service rendered by a public utility *held,* not a tax within the meaning of constitutional provisions pertaining to taxation (City of Grand Rapids Ordinance No 1340).

4. SAME—WATER AND SEWAGE CHARGES—SHUTTING OFF WATER.
   The grant of power by the legislature to a city and exercise of power by the city to shut off water to those delinquent in paying either or both water and sewage charges *held,* neither

---

REFERENCES FOR POINTS IN HEADNOTES

[2, 3] 51 Am Jur, Taxation § 16.
[4] 43 Am Jur, Public Utilities and Services § 64.
[4] Right to cut off water supply because of nonpayment of water bill or charges for connections, et cetera.  28 ALR 472.
[5] 17 Am Jur, Drains and Sewers, § 15; 25 Am Jur, Health § 24; 56 Am Jur, Waters § 405 *et seq.;* 56 Am Jur, Waterworks § 49.
[5] Constitutionality and construction of statutes and ordinances for protection of municipal water supply.  72 ALR 673.
[6] Generally as to what is an administrative power, see 42 Am Jur, Public Administrative Law § 29.
[7] 14 Am Jur, Costs § 91.

unlawful nor unreasonable (CL 1948, § 141.101 *et seq.,* as amended by PA 1941, No 210; City of Grand Rapids Ordinance No 1340).

5. HEALTH—DISPOSAL OF SEWAGE.

The disposal of sewage into the streams of this State is a matter of importance to the public health, which concerns the health of the people of the State at large (CL 1948, § 123.241 *et seq.*).

6. MUNICIPAL CORPORATIONS—SEWAGE DISPOSAL—CITY MANAGER.

Grant of powers to city manager by city ordinance *held,* administrative in character and necessary and proper in order to carry out the regulations of ordinance relative to operation and maintenance of sewage system, where the ordinance itself fixed the rates and charges and the system had been installed at insistence of State water resources commission that the city construct adequate sewage disposal facilitites and refrain from further pollution of river (City of Grand Rapids Ordinance No 1340).

7. COSTS—PUBLIC QUESTION—SEWAGE CHARGES.

No costs are allowed in suit to restrain city from collecting charges for use of sewage facilities and testing validity of city ordinance, a public question being involved (City of Grand Rapids Ordinance No 1340).

Appeal from Superior Court of Grand Rapids; Taylor (Thaddeus B.), J.   Submitted January 8, 1954.   (Docket No. 38, Calendar No. 45,942.) ' Decided February 18, 1954.

Bill by Harry V. Ripperger, Kent County Taxpayers' League, Inc., a corporation, Evert De Zeuw, and others, against City of Grand Rapids, George E. Bean, City Manager, R. Stanton Kilpatrick, City Clerk, and others, to enjoin collection of sewage utility charges and test constitutionality of city ordinance. Bill dismissed. Plaintiffs appeal. Affirmed.

*John M. Dunham,* for plaintiffs.

*Fred N. Searl,* City Attorney, and *George R. Cook,* Deputy City Attorney, for defendants.

Kelly, J. The superior court of Grand Rapids granted a request of the water resources commission and decreed that the city of Grand Rapids construct adequate sewage disposal facilities and refrain from further pollution of the Grand river. The city commission complied by enacting ordinance 1340, thereby placing the entire sewage disposal service on a utility basis, and also prescribed rates for the use of same.

Plaintiffs do not question the commission's action in the passage of the ordinance, or the authorization or sale of the bonds. This appeal presents to this Court 2 questions:

1. Did the city of Grand Rapids have the right to pass an ordinance (section 11 hereinafter quoted) giving to its officials authority to shut off the water supply to a consumer for failure to pay sewage disposal charges?

2. Did the provisions of the ordinance, and more particularly section 8, violate the laws of this State?

The legislature passed what is commonly known as the revenue bond act (PA 1933, No 94, as amended [CL 1948, § 141.101 *et seq.* (Stat Ann 1949 Rev § 5.2731 *et seq.*)]). Section 21 of this act was amended by PA 1941, No 210, to include the following:

"In addition to any other lawful enforcement methods, the payment of charges for water service to any premises may be enforced by discontinuing the water service to such premises and the payment of charges for sewage disposal service to any premises may be enforced by discontinuing either the water service or the sewage disposal service to such premises, or both. The inclusion of the above methods of enforcing the payment of charges for water and sewage disposal, in any ordinance heretofore adopted, is hereby validated." CL 1948, § 141.121 (Stat Ann 1949 Rev § 5.2751).

The commission of the city of Grand Rapids decided that the charge for sewage services would be based upon the water metered for the winter quarter, and so provided in the ordinance. We agree with the statement of the trial court as follows:

"It is evident therefore that in basing the use charge of this period that the city considered that it was during this time of the year that little if any water that passed through the meter would be used for outside purposes and would fairly represent for the whole year the amount of water entering the sewer."

Section 11 of ordinance 1340 provides for the enforcement of service charges in the following language:

"The charges for sewer service are hereby recognized to constitute a lien on the premises served thereby, in accordance with the provisions of section 33-1/2 of title 8 of the city charter of the city of Grand Rapids. Whenever any such charge against any piece of property shall be delinquent for 6 months the city officials in charge of the collection thereof shall certify to the tax assessing officer of the city the fact of such delinquency, whereupon such charge shall be entered upon the next tax roll as a charge against such premises, and shall be collected and the lien thereof enforced in the same manner as general city taxes against such premises are collected and the lien thereof enforced. Nothing in this section, however, shall be deemed to prevent the city from suing in a court of law to collect the amount due it for sewer service charges. In addition to the other remedies provided in this section, the city shall have the right to shut off and discontinue the supply of water to any premises for the nonpayment of the sewer service charges when due."

Plaintiffs contend that the charges for both water service and sewage disposal should be termed and

declared a tax and should as a tax be collected only by. assessment against the property or by personal action against the consumer.

This Court has not passed on the question as to whether charges for sewage disposal should be considered a tax, but has decided that charges for water service is not a tax.  In *Jones* v. *Water Commission of Detroit*, 34 Mich 273, this Court said (p 275):

"The water rates paid by consumers are in no sense taxes, but are nothing more than the price paid for water as a commodity, just as similar rates are payable to gas companies, or to private water works, for their supply of gas or water.  No one can be compelled to take water unless he chooses, and the lien, although enforced in the same way as a lien for taxes, is really a lien for an indebtedness, like that enforced on mechanics' contracts, or against ships and vessels.  The price of water is left to be fixed by the board in their discretion, and the citizens may take it or not as the price does or does not suit them."

We believe the same reasoning that was applied to water charges in the above-mentioned case should be applied to sewage charges in the present case.

This question has been presented and decided by the courts of other States.  In *Laverents* v. *City of Cheyenne,* 67 Wyo 187 (217 P2d 877), the court dealt with the question and ruled against the plaintiff's contention that the issuance of revenue bonds for the construction of a sewage disposal system would cause the indebtedness of the city to exceed the constitutional limitation.  In determining the service charges should not be considered a tax the court held (p 210):

"Thus a clear distinction exists between property subject to general taxes and property subject to the payment of service fees for the use of the sewer. True, the payment of a fee for the use of the sewer is,

practically speaking, substantially like the enforced obligation of a tax. But so are the bills for the use of electric lights, whether the electric-light system is publicly or privately owned; and so are the water bills sent out monthly by the city of Cheyenne. Water bills and bills for the use of the sewer are very much alike. A public sewer system is a public utility the same as a water system. *City of Edwardsville* v. *Jenkins,* 376 Ill 327 (33 NE2d 598, 134 ALR 891); *Payne* v. *City of Racine,* 217 Wis 550 (259 NW 437); and cases cited. In the case of *City of Harrison* v. *Braswell,* 209 Ark 1094, 1100 (194 SW2d 12, 165 ALR 845, 849), speaking of service charges for the use of a sewer and for water, the court said: 'Payments by the users for the service rendered is not a tax within the meaning of the constitutional provision of article 16, § 11.' "

We find that the legislature gave to the city of Grand Rapids the right to shut off water to those delinquent in paying either or both water and sewage charges, and that the grant by the legislature and the exercise of such power by the city was not unlawful or unreasonable.

The enactment of PA 1927, No 320 (CL 1948, § 123.241 *et seq.* [Stat Ann § 5.2661 *et seq.*]), established beyond all doubt the principle that the disposal of sewage into the streams of this State is a matter of importance to the public health, which concerns the health of the people of the State at large, and is so essential that, if the people of a city fail to meet their responsibility by bond issue, drastic steps may be taken.

We agree with the opinion of the trial court that the legislature gave to the city a choice of several methods of collecting its charges for disposal services and also a choice of procedure to fit the occasion. The privilege of shutting off the water affords the fastest and cheapest way of forcing a delinquent to pay the charges, thereby saving the city the loss

of much time, as would occur if required to pursue exclusively the other methods.

We have carefully examined the ordinance provisions to determine plaintiffs' charge that said ordinance unlawfully delegates judicial power to the city manager. This ordinance places the complete disposal system under the management, supervision and control of the city manager with the right to make such rules, orders and regulations as he may deem advisable and necessary to assure efficient management and operation of the system. The ordinance also establishes rates and charges to be effective, both as to a readiness-to-serve charge according to water-meter size and also in regard to the commodity charge, such as first 10,000 cubic feet at $.065 per cubic foot.

Many problems that could not be met and spelled out in an ordinance such as the provision in regard to sewage of unusual nature, where the manager with the approval of the city commission shall have the right to make an additional charge based on the strength and character of sewage and waste discharged into the system; such as the right of the manager to use the 3-months' water consumption previous to the winter months established (November 1st to April 30th) where he is of the opinion that said months more accurately would establish a yearly use of the system, are provided for in this ordinance. The grant of rights and powers to the manager are, in our opinion, administrative in character and necessary and proper in order to carry out the regulations of the ordinance.

The decree dismissing plaintiffs' bill of complaint is affirmed. No costs, a public question being involved.

Butzel, C. J., and Carr, Bushnell, Sharpe, Boyles, Reid, and Dethmers, JJ., concurred.