Argued May 2, affirmed June 15, 1960

# CITY OF STANFIELD *v.* BURNETT ET AL

353 P. 2d 242

428

*Robert W. Collins* argued the cause for appellant. On the briefs were Fabre, Collins & Kottkamp, Pendleton.

*Edward Joel Clark* argued the cause for respondents. On the brief were Peterson, Clark, Clark & Peterson, Pendleton.

Before McALLISTER, Chief Justice, and WARNER, PERRY, SLOAN, O'CONNELL, GOODWIN and MILLARD, Justices.

MILLARD, J. (Pro Tempore)

Plaintiff appeals from that portion of a decree rendered in the circuit court of Umatilla county which sustained a demurrer filed by part of the defendants as to plaintiff's first and second causes of suit and granted judgment to defendants as to such causes.

In each of these causes of suit the plaintiff, a municipal corporation, was attempting to obtain foreclosure of alleged city assessments against property owned by the defendants. This was pursuant to Ordinance No. 117, duly enacted by plaintiff city on August 28, 1951, a copy of which is attached to the complaint and made a part thereof. The ordinance, after declaring plaintiff's intention pursuant to general law and the city charter to acquire, own, construct, equip, and operate a sewer system and disposal plant within and without the city limits, provided for the levy of charges as follows:

"Section 2. There is hereby levied and imposed upon all water users within the City of Stanfield, Oregon using water from the Stanfield Water System, irrespective of whether or not said premises so served are connected with the city sewer system, and also against all premises connected with the city sewer system, irrespective of whether said premises be within or without the city limits of the City of Stanfield, Oregon, and further irrespective of whether or not said premises so connected be served by water from the Stanfield Water System, and also against any and all platted lots and unplatted area are vacant and be within 200 feet of any sewer installation in any street, just and equitable charges for service or subsequent service, maintenance, operation, extension and reconstruction, and the payment of principal and interest on bonds, if any so exist, to establish funds for the foregoing purpose, said funds to be estab-

lished as hereinafter provided in Sections 3 and 8 hereof.

"Section 3. The just and equitable charges aforesaid are hereby established, determined and declared to be as follows:

| | |
|---|---:|
| "For each sewer user, per month | $ 2.00 |
| For each vacant lot within 200 feet of sewer, per month | .25 |
| For each acre of unplatted ground within 200 feet of sewer, per month | .25 |
| Garages, per month | 7.50 |
| Restaurants and nightclubs, per month | 10.00 |
| Service Station, per month | 7.50 |
| Hotel, per month | 15.00 |
| Creamery (processing mills) per month | 15.00 |
| Schools, per month | 15.00 |
| Cold storage, per month | 3.00 |
| Stores, per month | 3.00 |
| Tavern, per month | 10.00 |
| Apartments, each, per month | 2.00 |
| Motels, for business, per month, | 2.00 |
| for each unit, additional | 1.00 |

All charges herein provided, or hereafter provided shall be charged, paid and collected monthly, and said charges shall be upon a monthly basis only.

"*  *  *  *  *

"The basis for determining charges as set forth above is adopted for the purpose of establishing a fund for financing the construction and operation of sewers and sewage treatment plants, said rates may be adjusted by the Council after construction is completed and the construction and operating costs are more accurately known, but may not be reduced lower than the amounts as set forth above. All moneys thus collected shall be placed in the 'Sewage Fund' and shall be used solely for the purpose of the payment of principal and interest on bonds, and the operation and maintenance of said sewer system."

Following that, among other things, the ordinance provided that for collection of rates and charges, delivery of water might be withheld or the city might "use such other and further means as may be provided by the laws of this State of Oregon or permitted by the Charter and Ordinance of the City of Stanfield, and delinquencies may be certified for collection in the manner provided by § 95-1809, OCLA," or recovered in an action at law.

Plaintiff is attempting in its first cause of suit to collect in the aggregate $450 for alleged "sewer assessments" on real property located in the city within 200 feet of a sewer, due on account of alleged default in making payment, together with costs and attorney's fees. Plaintiff claims that it has a lien for these sewage charges and is seeking foreclosure. There is no allegation that any use was actually made of the sewer nor that the sewer was connected to the property.

The second cause of suit is identical except as to different property, and the principal amount of the lien is alleged to be $433. It is also alleged that in addition to being within 200 feet of the sewer line, there are houses on the parcels of property that use water from the city water system. Again there is no allegation that the sewer system was being used by this property or connected therewith.

It will thus be seen that insofar as can be determined from the complaint, none of the real property is connected to plaintiff's sewer installations. Further, there is no allegation to be found in either cause of suit to the effect the amounts alleged to be due were ever certified to the county assessor for assessment. The trial court found in effect that even if the charges were valid, plaintiff was limited in its remedy as to

either cause of suit by the provisions of ORS 224.220, and that there is no provision for the foreclosure of a lien in such statute.[①] The court further held that since the title to this ordinance provided for "Just and Equitable Charges upon water users from the Stanfield Water System and upon premises in the city served by the sewer" and since defendants as to the first cause of suit were not as to their property either water users or users of the sewer, this cause of suit could not be sustained.

Plaintiff's sole assignment of error is concerned with the action of the trial court in sustaining a demurrer to each of these causes.

Plaintiff contends that it is entitled to enforce its alleged lien by virtue of ORS 224.400, which provides as follows:

"(1) Each municipality financing the cost of a sewage system under authority of ORS 224.310 to 224.420 shall submit to the State Treasurer for approval a schedule of its rates and proposed method of collection of its sewerage charges. The rates shall be such as, in the judgment of the State Treasurer, shall provide sufficient funds with other revenues, if any, and ad valorem property taxes to liquidate, during the period approved by the State Treasurer, the indebtedness incurred by the municipality to defray the cost of the sewerage system and its appurtenances. Should the rates prove to be insufficient for such purpose, the State Treasurer may direct the municipality to increase the rates

_____

[①] The governing body of the municipality may establish just and equitable rates or charges to be paid for the use of the facilities by each person, firm or corporation whose premises are served thereby, or upon subsequent service thereto. If the service charges so established are not paid when due, the amounts thereof, together with such penalties, interests and costs as may be provided by the governing body of the municipality may be recovered in an action at law, or may be certified to the tax assessor of the county in which the municipality is situated and be by him assessed against the premises serviced. These charges shall thereupon be collected and paid over in the same manner as other taxes are certified, assessed, collected and paid over.

to the point at which the sewerage project becomes self-liquidating, and the municipality shall establish forthwith the rates prescribed by the State Treasurer.

"(2) If the State Treasurer so directs, delinquent assessments for sewerage charges shall be certified to the assessor of the county in which the municipality is located and shall be entered upon the tax rolls of the county and be collected and accounted for in the same manner in which city taxes are collected and accounted for. The charges shall constitute liens against the real property of the person against whom they are assessed.

"(3) If required by the State Treasurer, the municipality shall obtain from the State Treasurer approval of the annual budgets and tax levies of the municipality, before they are certified to the clerk and assessor of the county in which the municipality is located, for extention upon the county tax rolls."

■ ORS 224.400 was enacted as part of a statutory scheme for the relief of cities of under 3,500 population who might not be able to finance sewer construction by the sale of bonds to private interests and, hence, provided for a method whereby bonds might be purchased by the state treasurer, subject to conditions therein enumerated. ORS 224.320 to 224.400, incl. (formerly ch 593, Oregon Laws 1955). It does not by its terms provide a new method of assessing property for local benefits. On the contrary, insofar as special assessments are concerned, ORS 224.010 to 224.170, incl., applies. ORS 224.040, which is a part, provides as follows:

"The council may provide for and make a local assessment for benefits against any and all property whether within or without the city or partially within or partially without the city and enforce a collection of such assessments."

■ In addition to the rule which requires that assessments be apportioned in accordance with the benefits and limited thereby, there is also the requirement that the assessments be uniformly made with reference to some system of just apportionment. *King v. Portland,* 38 Or 402, 413, 414, 423, 63 P2d 2. Further, not only must the assessment be based upon special benefit but it must also be based upon total construction cost assessed by benefit ratio to the separate property affected, and any attempted assessment prior to construction and determination of total cost is a nullity. *Raz et ux v. City of Portland et al,* 203 Or 285, 292, 280 P2d 394. A cursory examination of the ordinance reveals that the charges provided for therein do not meet these tests. There was a complete lack of uniformity in the method of assessment. Further, the ordinance itself reveals that the total construction cost had not yet been determined, since it provides that the ratio "may be adjusted by the Council after construction is completed," but "may not be reduced lower than at amounts as set forth above."

We hold, therefore, that the charges provided for in the ordinance are not assessments.

■ Since the amounts attempted to be collected are not assessments, may they be justified as charges for use? Obviously not, since the charges are not based upon user but upon the fact that the property was within 200 feet of the sewer line. Plaintiff in effect argues, however, that charges may be thus made for prospective use, citing *Colley v. Englewood,* 80 Ohio App 540, 71 NE2d 524; 64 CJS 271, et seq., Municipal Corporations § 1805(d) (based upon the same case). While the Colley case so holds, examination reveals that such decision was due to a constitutional provision which prevented the legislature from limiting

municipalities to a rate for user only. The constitutional question of uniformity was not raised or decided therein. On the other hand ORS 224.220 in such instances limits the municipality to "just and equitable rates or charges to be paid for the use of the facilities." The Colley case is not controlling here.

Because there is no constitutional or statutory authority in this state for making a charge for prospective use, we hold that such charge may not be made unless it is levied as an assessment, which was not done here. We say this for several reasons. First, if it be sustained as a charge for prospective use, then it would necessarily follow that it was based upon benefit to the property and not upon user, and, hence, it could only be sustained if it was a valid assessment under the rules above referred to. Secondly, a charge for the use of a sewer is not a tax or assessment but a charge for a service rendered and is based upon contract. *Ripperger v. City of Grand Rapids,* 338 Mich 682, 62 NW2d 585, 587; *Opinion of the Justices,* 93 NH 478, 39 A2d 765, 767; *State ex rel. Gordon v. Taylor,* 149 Ohio St 427, 79 NE2d 127, 131. In *Opinion of the Justices,* supra, at p 767, it is stated: "such a statute [relating to collection of charges for sewers] does not impose an assessment in the proper sense of the term, though the charge is often spoken of as a 'tax.' The transaction really amounts to an offer by the municipal corporation and an acceptance by the party who takes the water, thus forming a contract." Since there was no actual user shown in this case, there could be no acceptance and, hence, no contract. Therefore, it is inescapable that plaintiff by this proceeding is attempting to confiscate private property without any legal basis therefor. The fact that the property may have been incidentally benefited

is not enough in the absence of statutory or constitutional authority. There must be legislative action before it could be made the basis for a potent claim. See *Beezley et al. v. City of Astoria,* 126 Or 177, 184, 269 P 216; *Brown v. Silverton,* 97 Or 441, 452, 190 P 971. Since plaintiff has not proceeded with an assessment plan under ORS 224.010 et seq., with its requirement of assessments of benefits, but instead has attempted to proceed under ORS 224.310 et seq., of which ORS 224.400 is a part, we hold that the rates and sewerage charges mentioned therein are charges for the privilege of use and not of prospective use and that the provisions of the ordinance in question with relation to an attempt to levy sewage charges against property merely because such property is within 200 feet of a sewer line are invalid.

█ In any event, plaintiff may not foreclose under either cause of suit, because it is not alleged that the sewer charges were certified to the county assessor and by him assessed against the property, as required by both ORS 224.220 and ORS 224.400. Until that is done, a lien would not arise against the property.

It follows, therefore, that the trial judge acted properly in sustaining the demurrer to the first and second causes of suit, and its judgment in favor of the defendant as to such causes is affirmed.