Bell, J.,
dissenting. The authority granted by the people to a municipality by Sections 4, 5, 6 and 12, Article XVIII of the Constitution, is a plenary one, and the Legislature is without power to impose restrictions or limitations thereon. Village of Euclid v. Camp Wise Assn., 102 Ohio St., 207; Board of Education of City School District of Columbus v. City of Columbus, 118 Ohio St., 295; Pfau v. City of Cincinnati, 142 Ohio St., 101; Swank v. Village of Shiloh, 166 Ohio St., 415; and State, ex rel. McCann, v. City of Defiance, 167 Ohio St., 313.
Similarly, the authority granted by Section 3, Article XVIII, is a plenary one subject only to the limitations provided therein. Billings v. Cleveland Ry. Co., 92 Ohio St., 478; and State, ex rel. Bruestle, City Solr., v. Rich, Mayor, 159 Ohio St., 13.
Concededly, there is no constitutional provision that expressly warrants the application of one constitutional grant of authority to the exclusion of the other.
Private property can be appropriated only on the theory that a paramount need for a public purpose requires the annihilation of private rights in that property. Such must, of necessity, be the criterion for determining whether public property acquired and used under a constitutional grant of authority can be appropriated for another public use under another equally effective grant of constitutional authority. Such a criterion, in my opinion, is eminently more desirable than further perpetuating the already over-extended differentiation between governmental and proprietary functions of a municipality.
Whether there is such an overwhelming public need that will permit Cincinnati to acquire this property already devoted to a public use by Blue Ash is not before us. Similarly, the question of whether the street system of Blue Ash will be “destroyed” or interfered with “to such'an extent as is tantamount to destruction” is not before us. (The allegations of the answer of Cincinnati, admitted for the purpose of demurrer, are to the effect that such will not be the case.) The need of Cincinnati and the effect on Blue Ash are questions to be determined in a hearing on the merits under the pleadings filed herein and on the evidence introduced-in support thereof in the trial forum. If Cincinnati can prove the allegations of its second amended *355 answer that the street involved is essential to the construction of the airport, and that the public need therefor is greater than the public need for the street as it is now used, in my opinion the Constitution clearly grants Cincinnati the right to make the appropriation.
The issues were raised below in a court of equity. Cincinnati may or may not be able to prove the allegations of its second amended answer. It should be given the opportunity to try. If it can, the court has it within its power to see that the rights of Blue Ash are protected so far as the flow of traffic on Plain-field Boad or another street or streets constructed in its place is concerned.
At the time Section 4, Article XVIII, was adopted, airports, at least as we know them now, were unknown. The few airplanes being flown in Ohio before World War I required little more than a small pasture for takeoffs and landings. The problems presented by modern aircraft, particularly jet-propelled ones, to those municipalities desiring to provide their citizens with facilities for availing themselves of air travel is a serious one. Certainly the Constitution should not mean one thing at one time and something else at another time. Nor should it be used as a vehicle for impeding progress by interpreting it in the light only of conditions which existed at the time of its adoption.
In my opinion, Judge Zimmerman correctly interpreted the function of the Constitution when, in his dissenting opinion in Zangerle, Aud., v. City of Cleveland, 145 Ohio St., 347, 363, he said: “We take the position that the Constitution is a vehicle of life, intended to meet and to be applied to new conditions and circumstances as they may arise and which come fairly within the purview of the language used.”
Weygandt, C. J., concurs in the foregoing dissenting opinion.