27546.   CITY OF MIDWAY v. MIDWAY NURSING & CONVALESCENT CENTER, INC. et al.

SUBMITTED NOVEMBER 13, 1972—DECIDED JANUARY 22, 1973.

*Richard D. Phillips, J. Sidney Flowers,* for appellant.
*Brennan & Clark, Griffin B. Bell, Jr.,* for appellees.

J ORDAN, Justice. "It is elementary that the powers which a city government may lawfully exercise must be derived from its charter or the general laws of this State. *Mayor &c. of Savannah v. Wilson,* 49 Ga. 477; *Atlanta R. & Power Co. v. Atlanta Rapid Transit Co.,* 113 Ga. 481 (39 SE 12). And it is equally well settled that all municipal charters are strictly construed, and that powers which are not expressly, or by necessary implication, conferred upon the corporation can not be exercised by it. *Lofton v. Collins,* 117 Ga. 434, 438 ( 43 SE 708, 61 L RA 150); *Walker v. McNelly,* 121 Ga. 114 (48 SE 718); *Town of McIntyre v. Baldwin,* 61 Ga. App. 489 (6 SE2d 372). This court in the *Lofton* case said: 'A grant of power to a municipal corporation must be strictly construed, and such a corporation can exercise no powers except such as

are expressly given or are necessarily implied from express grants of other powers.'" *City of Macon v. Walker,* 204 Ga. 810, 812 (51 SE2d 633).

The defendants concede the authority of the City of Midway to establish and maintain a water system. What is disputed is the authority of the city to compel use of its water system within the city to the exclusion of use of a private water system.

We recognize the authorities cited in 56 AmJur2d 624, Municipal Corporations, § 573, including Hutchinson v. Valdosta, 227 U. S. 303 (33 SC 290, 57 LE 520), all relied on by the city in the present case, for the proposition that a municipal corporation may compel connection to a public drain or sewer in the exercise of its police power. However, the city cites no case supporting the proposition that a municipal corporation can dictate to its citizens the use of city supplied water. To the contrary see 94 CJS 29, 31, Waters, § 235, citing Harrisburg v. Pennsylvania R. Co., 33 Pa. Co. 641.

In our opinion the very nature of the things involved requires a distinction between compelling the use of a city system to dispose of waste products, which may by their nature constitute a health hazard, and compelling the use of city-supplied water, whether it be for human consumption or otherwise. While we recognize that a municipality can, in the exercise of its police power, make reasonable regulations to protect its citizens, including measures designed to preclude the use of water unfit for human consumption or other use, as obtained from a users' private source, or as supplied to a user by others, we see no reason to recognize a claim for injunctive relief or declaratory judgment by the city absent some indication from the claim, as alleged, to show that some reasonable basis exists for protecting the health and welfare of its citizens in this manner.

Aside from its general welfare and police powers the city cites and relies upon Code Ann. §§ 69-314 and 69-911.

There is nothing in the general authority conferred upon a city under the law set forth in Code Ann. § 69-314 in respect to the acquisition or construction of a water system, in addition to any powers a municipality may already have, whereby a city can compel the use of city water, or connection to a city water system. And, while the law as set forth in Code Ann. § 69-911 does purport to eliminate any prohibition against a municipality "from requiring the residents of the new annexed area to use city owned utilities" we are not here dealing with any issue of annexation. A city may under proper authority annex territory under conditions applicable only to the newly annexed territory. See *Toney v. Mayor &c. of Macon,* 119 Ga. 83, 87 (46 SE 80).

In our opinion the compelling reasons supporting the position of the City of Valdosta in respect to sewer connections (Hutchinson v. Valdosta, supra) are absent in respect to the ordinances here involved. Accordingly, we hold that the City of Midway had no authority to enact § 17 of the Water Code requiring connection to the city water system and payment of a minimum charge, and no authority to enact the ordinance of March 13, 1972, prohibiting without qualification any repairs, alterations, or improvements on privately owned water pumps, wells, and water systems if city supplied water is available. It necessarily follows that the city has failed to state a claim for which relief can be granted, and that the trial judge did not err in dismissing the complaint.

*Judgment affirmed. All the Justices concur.*