Argued April 12, affirmed June 13, 1978

MONTGOMERY BROS. CONSTRUCTION, INC.
et al, *Appellants,*
*v.*
CITY OF CORVALLIS, *Respondent.*
(No. 32671, CA 9570)
580 P2d 190

Merle A. Long, Albany, argued the cause for appellants. With him on the briefs was Long & Post, Albany.

Scott A. Fewel, City Attorney, Corvallis, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Thornton, Tanzer and Buttler, Judges.

BUTTLER, J.

## BUTTLER, J.

In this suit for declaratory relief, plaintiffs seek a determination that defendant's Ordinance No. 73-79, as it relates to water "assessments," is void, and that plaintiffs are not required to pay the charge upon hooking up to the water system. Plaintiffs refused to plead over after the trial court sustained defendant's demurrer to the complaint, and appeal from the ensuing order dismissing it.

Plaintiff Montgomery Brothers is the owner of real property located in the city of Corvallis and intends to connect improvements thereon to defendant's water system. Plaintiff Corvallis Home Builders Association is a corporate association of persons involved in the building trade in the defendant city.

Prior to 1972, defendant city installed water mains within the city, the cost of which was financed by the city's general water fund. No assessment against property benefited by the water mains was levied by the city to pay for the initial cost of installation; it is not clear whether a connection fee was charged to those who connected to the facility, but the general water fund, which financed the initial improvement, was comprised, in part at least, of monies collected for the use of the water system.

In 1973, defendant adopted Ordinance No. 73-79, which was entitled, "An Ordinance Relating to an Equivalent Assessment Charge."[1] Section 3(1) of that ordinance provided, so far as is relevant:

---

[1] The statement of purpose, as set forth in the ordinance, is difficult to understand. It provides:

"Section 1. *Purpose.* For some time, the city council has had a policy of assessing properties an equivalent assessment at the time of hookup to existing water mains or sewer lines adjacent to those properties as they would have paid had they hooked up at the time of original installation. Those assessments were levied to equitably distribute the original cost of initial installation of the water and sewer mains to all the properties benefiting from the use of those water and sewer mains. Those assessments were also levied to permit the city of Corvallis to

"An equivalent assessment is imposed upon all lands * * * which in the future wish to utilize either sewer facilities or water facilities or both of the city when a water line or sewer line installation has been completed and the adjacent property did not hook up at the time of completion and did not contribute to the cost of the installation of the water line or sewer line * * *."

Section 3(2) goes on to say that the charge imposed shall be reviewed annually by the city council, and "the rates of charge shall be revised to reflect changes in costs of sewer and water line construction incurred since the preceding review."

Plaintiffs contend that the portions of the ordinance which relate to water service are void and unenforceable for three reasons: (1) Defendant may not levy an "assessment" to pay for cost of an improvement previously made and fully paid for; (2) the "assessment" provided for in the ordinance is not uniform and equal upon all property receiving benefits from the improvement because it is only imposed upon those properties connected after the effective date of the ordinance; and (3) the "equivalent assessment charge" is being applied at a rate which is in excess of the original cost of the installation of the water mains, and is not being uniformly applied against all citizens of defendant city.

At the heart of plaintiffs' contentions is the proposition that the charge imposed by the ordinance is an "assessment," and their principal argument in support thereof is the fact that the ordinance uses the term "equivalent assessment charge." While is is true the label used by the city council with respect to the charge imposed is an important factor to be considered in determining into what category the charge falls, it

recover the costs of those mains which were originally financed by the water fund or sewer fund. After appropriate and lengthy review of current policies and consideration of various staff studies, comments and criticisms of interested persons and the general public, the city council has determined that it is reasonable to enact and impose an equivalent assessment charge."

is not conclusive of the nature of the charge. *Sproul v. State Tax Com.,* 234 Or 579, 383 P2d 754 (1963). Defendant contends that the use of the word "assessment" in the ordinance is surplusage, and that when the nature of the charge imposed is examined, it is apparent that it is "another form of hook-up charge," and is not an assessment. We agree.

■■ The delineation between an assessment and some other form of charge is not always clear. However, an assessment for a local improvement, such as a sewer or water main, typically is a charge against property benefited, and becomes a lien on the property assessed from and after the passage of the ordinance spreading the same and entry in appropriate city lien records. *See* ORS 223.393. In *City of Stanfield v. Burnett et al,* 222 Or 427, 353 P2d 242 (1960) (*overruled on other grounds* by *Aloha Sanitary Dist. v. Wilkens,* 245 Or 40, 420 P2d 74 (1966)), the Supreme Court stated that an assessment must be based not only on special benefit, but also upon total construction costs assessed by benefit ratio to the separate property affected. 222 Or at 434. It is clear from the ordinance involved here that the nature of the charge imposed was not intended to be an assessment: (1) there is no lien against all property benefited from the date of the enactment of the ordinance imposing the charge, and, indeed, there is no charge at all unless and until a property owner applies for connection to the water system;[2] (2) the charge is not based upon the initial construction cost, which has already been paid by those users who had connected to the system prior to the ordinance in question.

In *City of Stanfield v. Burnett et al, supra,* the court held that a charge levied against property which was within 200 feet of a sewer line was not a user charge because it was not based upon use. The court went on

[2] While the city contends that the charge is strictly a personal obligation of the owner, it is clear from section 4(1) of the ordinance that if the charge is not paid when due, it may, after notice and public hearing, be docketed as a lien against the property.

[ 789 ]

to say that a charge for use was made for the privilege of making the connection, which the owner is free to avoid by refraining from making the connection, and is based upon contract. 222 Or at 435. That situation pertains here.

■ Plaintiffs, in further support of their contention that the charge is an assessment, point to section 4(2) of the ordinance which permits the owner of land who has incurred the charge by hooking up to the water system, to apply to the city for an installment method of payment, which, if done, is secured by a lien on the real property, and the lien "shall be enforced in the manner provided in ORS Chapter 223." Plaintiffs contend that this portion of the ordinance permits "Bancrofting" of the "assessment," which could only be authorized if the charge were, in fact, an assessment. While we agree that in order to come under the Bancroft Bonding Act (ORS ch 223), it would be necessary to have an assessment, we do not read that section of the ordinance as providing for "Bancrofting"; it simply permits the property owner to spread out his payments to the city over 20 semiannual installments, with interest at 10%. There is nothing in the ordinance providing for the issuance of Bancroft bonds (ORS 223.235), or for a bond lien docket (ORS 223.230), and the only reference to the Bancroft Bonding Act is in connection with the method of enforcement of the lien securing the installment debt. We do not agree that this provision of the ordinance requires, or supports, the conclusion that the charge imposed by the city is an "assessment."

■■ Accordingly, we hold that the charge imposed by the questioned ordinance is not an assessment, but is a charge which arises when and if a property owner desires to hook up to the water system. The fact that the charge is only imposed against the owners of property who apply for the right to connect after 1973 does not render the ordinance void. The charge is uniform with respect to that class of property owners who, as owners of that property, have not contributed

to the general water fund or to the cost of installation of the water system. Those owners who had connected their property to the system prior to 1973 and had been paying into the general water fund, have already contributed to the cost of installation.

■ In their reply brief, plaintiffs contend that even if the charge is a form of "hook-up charge," it has no reasonable relationship to the cost of hooking up.[3] While it is doubtful that this contention is raised by any allegation in plaintiffs' complaint, we note that in *Hayes v. City of Albany,* 7 Or App 277, 490 P2d 1018 (1971), we held that the city had the power to levy a sewer connection charge reasonably commensurate with meeting the burden currently imposed or reasonably to be anticipated upon the city's sewerage disposal system. While it is not clear, it appears from the ordinance in question that since the rates of charge are to be revised from time to time to reflect changes in costs of sewer and water line construction incurred since the preceding review, and that the funds collected on account of water connections are segregated in the city's water fund, the amount of the charge is intended to relate to the current construction costs and the burdens currently imposed.

Affirmed.

_____

[3]The charge for connecting to the water system is $80 per 1000 square feet of land area.