MORRICAL, APPELLANT, *v.* VILLAGE OF NEW MIAMI, APPELLEE, ET AL.

(No. CA83-08-090—Decided May 31, 1984.)

*Mr. Norbert M. Doellman, Jr.,* for appellant.

*Mr. Charles A. Turner,* for appellee.

JONES, J. On March 9, 1982, plaintiff-appellant, Philip Morrical, Jr., filed a complaint in the Court of Common Pleas of Butler County, naming as defendants the village of New Miami, the Waterworks Department of New Miami, and John L. Work, the Superintendent of the New Miami Waterworks Department. In addition to monetary damages, the complaint sought a temporary restraining order as well as preliminary and permanent injunctions, the object of which was to force the

defendants to restore water service to real property owned by Morrical and enjoin them from making any further attempts to discontinue the service.

The complaint alleged that Morrical owned property located in the village of New Miami containing an upstairs apartment which Morrical had rented to one Geraldine Mills. The complaint further alleged that Mills, as tenant of the property, used the water service provided to the property and incurred the charges in her name. Mills subsequently vacated the apartment without paying for the water services. Morrical also alleged that the village disconnected the water service to the premises, and, despite his request, refused to connect the water service for a new tenant.

The complaint claimed that the action taken by the defendants in cutting off the water service to Morrical's property was contrary to the Fifth and Fourteenth Amendments to the United States Constitution and Sections 1981 and 1983, Title 42, United States Code, and was also contrary to the statutes and Constitution of the state of Ohio.

After voluntarily dismissing the waterworks department and John L. Work as defendants, Morrical filed a motion for summary judgment against the village of New Miami. In a judgment entry dated August 4, 1983, the trial court held that the ordinance which New Miami had relied upon in disconnecting the water service to Morrical's property did not contradict either federal or state law. Consequently, Morrical's motion for summary judgment was denied and his claims for injunctive and declaratory relief were dismissed.

Morrical perfected his appeal to this court, asserting two assignments of error. The first assignment of error claims that the trial court erred in declaring that the ordinance relied upon by the village of New Miami as the basis for discontinuing the water service to Morrical's property was not contrary to state or federal law, while the second assignment of error contends that the trial court erred in not granting Morrical's request for a temporary restraining order and preliminary and permanent injunctions. We will treat the two assignments of error together, since the second one will obviously stand or fall on our decision in the first.

Our primary consideration in this case is whether the ordinance relied upon by New Miami in disconnecting the water service to appellant's property is contrary to both federal and state law, specifically the Due Process Clauses of both the United States and Ohio Constitutions. The village relied on New Miami Ordinance No. 1178 (May 3, 1979). Section VIII of the ordinance provides that:

"The owner or owners of private property which is served by the waterworks system and/or sewage system, as well as the lessee or occupant of said premises, shall be liable to the Village for all water service or sewer service supplied to such private property."

In addition, Section VII of the ordinance provides that a statement for water services which is not paid within thirty days from the date of billing will result in the water service being discontinued until such statement is paid in full. Appellant contends that these specific provisions of the New Miami ordinance should be declared unconstitutional.

We begin our discussion of this issue by noting that the Ohio Supreme Court has previously considered the constitutionality of an ordinance of this nature in the case of Pfau v. Cincinnati (1943), 142 Ohio St. 101 [26 O.O. 284]. In Pfau, the plaintiff was the owner of residential property which he rented to a tenant who occupied the premises for a period of time and then left without paying two charges for water services supplied by the defendant during the tenancy. The defendant shut off the water line leading

to the plaintiff's property and the plaintiff was required to pay the charges incurred by his former tenant in order to acquire water services for a new tenant. The plaintiff paid the bill and filed suit against defendant city on the theory that the city was without authority to hold the plaintiff liable for water it supplied to plaintiff's property upon the request and for the use of plaintiff's tenant.

The defendant city in the *Pfau* case relied upon an ordinance which made the owner of the real estate liable for all water and service charges rendered to the property whether the account was carried in the name of the owner or in the name of a tenant or another person. The Supreme Court addressed the question of whether the defendant city possessed the legislative power to adopt an ordinance of this nature. Citing Section 4, Article XVIII of the Ohio Constitution, which permits a municipality to operate a public utility, the court concluded that the defendant city possessed the legislative power to enact the ordinance in question. The opinion noted that the defendant made no claim that the ordinance established a lien on the plaintiff's property, but rather that the ordinance simply imposed personal liability on the plaintiff for the water service provided to his property. *Id.* at 105. While upholding the constitutionality of the ordinance in *Pfau, supra,* the Supreme Court pointed out that the plaintiff made no contention that the provisions of the ordinance violated the Due Process Clauses of either the United States or Ohio Constitutions. *Id.* at 106.

While *Pfau* is still the law in the state of Ohio, we are now presented with a question which was left unanswered by that case: namely, whether the provisions of the New Miami ordinance violate the Due Process Clauses of the United States and Ohio Constitutions. Our research has found no case law in Ohio directly on point and we therefore look to the decisions of other states for guidance in this area.

In *Etheredge v. Norfolk* (1927), 148 Va. 795, 139 S.E. 508, a Virginia Special Court of Appeals held that an ordinance making the owner of real property responsible for a tenant's water rent, irrespective of a contract for water services, was unconstitutional in the absence of a statutory lien or other statutory authority. Unless a lien is given on the premises by statute or there is, at least, some statutory authority by virtue of the city's charter or otherwise, the ordinance making the owner personally liable for water consumed upon the owner's premises by a lessee violated the Fourteenth Amendment to the United States Constitution and the Virginia Constitution in that it deprived the owner of his property without due process of law.

While the Virginia case appears to support the position argued by appellant in the case at bar, we note that the holding in *Etheredge, supra,* has been distinguished by other states in cases which have also favorably cited *Pfau, supra.*

In the unanimous decision of *Maryville v. Cushman* (1952), 363 Mo. 87, 100-101, 249 S.W.2d 347, the Missouri Supreme Court addressed the issue of whether an ordinance making the owner of premises liable for water furnished to a tenant violated federal and state due process provisions. A Missouri statute, which was incorporated into a city ordinance, provided that municipalities could sue the occupant or owner, or both, of the premises receiving water services, to recover an unpaid balance for such services. The court held that the Missouri General Assembly and a city had the legislative right to implement such a provision, and the owner of real estate was considered to be charged with notice of the statute and the ordinance when he had his premises con-

nected to the water system. Referring to the fact that an owner of real estate had no absolute right to have the city's water facilities connected to his premises with no regard for the city's charges and regulations controlling the use of such facilities, and also recognizing the right of the city to prescribe reasonable terms upon which the owner may have such services connected to his property, the Missouri court concluded that the statute and ordinance in question were reasonable and did not violate due process, citing *Pfau, supra,* in support. The court went on to distinguish *Etheredge, supra,* on the basis that unlike the Missouri statute, there was a noted absence of a similar statutory authority in *Etheredge* and that the water charges were not a special assessment against the owner of the real estate, but only service charges for such service rendered by the city.

Kentucky has taken a similar position in regards to this question. In *Puckett* v. *Muldraugh* (Ky. 1966), 403 S.W.2d 252, the city of Muldraugh operated a water system. The city had an ordinance which provided that rates and charges for the water service were to be billed to the owner of the premises. A property owner initiated a declaratory judgment action in which he questioned the validity of the ordinance. The property owner relied on *Etheredge, supra,* but the Kentucky Court of Appeals was not persuaded by the reasoning in that case.

The *Puckett* court did, however, address the questions of due process and statutory authority. Stating the general proposition "that a *legislature* may authorize a public utility to impose liability for water rents upon the owner of property without violating the doctrine of due process, * * *" the court went on to state that "[i]f the matter was really one of *due process,* a state legislature could no more violate this right than could a public utility acting in-

dependently." (Emphasis *sic.*) *Puckett, supra,* at 254. Citing *Pfau, supra,* the court in *Puckett* also determined that the city had the statutory authority for the ordinance in question by way of a Kentucky statute which granted cities the general powers to operate and maintain a waterworks system and to implement a regulation of this nature. The Kentucky Court of Appeals also determined that the ordinance was not so arbitrary or unreasonable that it violated the Kentucky Constitution.

The cases cited herein provide ample support for the proposition that a municipal ordinance which imposes liability on a property owner for water services provided to a tenant on the premises does not violate the Equal Protection Clauses of either the state or federal Constitutions. While we may disagree with the result reached in *Pfau, supra,* we realize that the principles set forth therein are still valid and still constitute the law in the state of Ohio and that we are obligated to follow it. Although *Pfau, supra,* fails to resolve the question in the case at bar, the decision in *Pfau,* as developed and expanded by other jurisdictions, has reached that point where its next logical extension, absent a direct decision by the Ohio Supreme Court, is that an ordinance such as the one enacted by the village of New Miami is constitutional, not only because there is a sufficient statutory basis for the ordinance, but also because the ordinance does not violate due process of law. Accordingly, we hold that appellant's first assignment of error is without merit and is hereby overruled.

Having decided that appellant must fail on his first assignment of error for the reasons set forth above, it likewise follows that the trial court did not err in refusing to grant the temporary restraining order and the preliminary and permanent injunctions sought by appellant. Therefore, we further hold that

the second assignment of error is overruled.

Accordingly, the judgment of the trial court is affirmed.

*Judgment affirmed.*

HENDRICKSON, P.J., and CASTLE, J., concur.

CASTLE, J., retired, of the Twelfth Appellate District, was assigned to active duty pursuant to Section 6(C), Article IV, Constitution.