40871. HUMMINGS et al. v. CITY OF WOODBINE et al.
(319 SE2d 862)

HILL, Chief Justice.

The issue in this case is whether OCGA § 36-34-5 authorizes a city to charge its residents who do not use the city's sewer system a monthly fee for sewer service.

This appeal is from an order denying the three plaintiff-appellants' prayer for injunctive relief against the City of Woodbine, its mayor and council. The plaintiffs, residents of the city, own private wells to supply their water and private septic tanks to dispose of their waste. In 1980 the city revised its water and sewer ordinance to require that all residents within 100 feet of water and sewer mains pay a base charge of $5.50 per month, and a user charge of $1.00 per 1,000 gallons for residential service. Before this amendment water and sewer charges were based on meter readings (i.e., were based upon actual use).

The city's new rate schedule went into effect in December 1980, and in mid-1982 the city issued executions against the property of those persons who had refused to pay the base charges. At its March 7, 1983, meeting the city council announced its decision to amend the water and sewer ordinance to drop the base charge on water for those not connected to the system due to the uncertainty of the implications of this court's decision in *City of Midway v. Midway Nursing*

*&c. Center,* 230 Ga. 77 (195 SE2d 452) (1973).[1] The council, however, informed the plaintiffs that they were still liable for the sewer charge. The plaintiffs refused to pay and the city levied on their property.

The plaintiffs immediately filed a complaint in equity seeking to prohibit the city from collecting the base sewer charge. The trial court denied the request for injunctive relief, holding that the city had acted within the authority granted by OCGA § 36-34-5. We have before us a statutory interpretation case. Although they mention it in passing, the parties do not argue "home rule," 1983 Const., Art. IX, Sec. II, Pars. II and III; OCGA § 36-35-1 et seq., and we intimate nothing in this opinion regarding that subject.

The parties focus on paragraph (4) of OCGA § 36-34-5, supra. Plaintiffs argue that it authorizes a city to charge only those who "use" the city sewer system; the city argues that it authorizes a city to charge those to whom the sewer system is "available." We look to paragraph (3) of the Code section, as well as paragraph (4), to determine the intent of the General Assembly.

OCGA § 36-34-5, supra, relates to municipal water and sewer systems. It provides in pertinent part: "In addition to the other powers which it may have, any municipal corporation shall have the power under this chapter: . . . (3) To operate and maintain any such systems for its own use and for the *use* of public and private *consumers and users* within the territorial boundaries of the municipal corporation; and (4) To prescribe, revise, and collect rates, fees, tolls, or charges for the services, facilities, or commodities *furnished by such systems.*" (Emphasis supplied.)

Plaintiffs urge that the word "furnished" means "supplied" and that the Code section is a "user statute."[2] The city urges that "furnished" means "provided" and that the Code section is an "availability statute."[3] Considering both paragraphs (3) and (4) to ascertain the intended meaning, we find that OCGA § 36-34-5, supra, is a "user" statute and hold that under it a city is authorized to prescribe and

---

[1] In *City of Midway v. Midway Nursing &c. Center,* supra, this court, considering Code Ann. § 69-314 (now OCGA § 36-34-5, supra), among other authorities, and recognizing a city's authority to operate a water system, held that a city has no authority to compel its residents to connect to the city system and pay for city water. In doing so, the court noted that compulsory sewer use would be authorized by the city's police power. In the case now before us, the city has not determined that plaintiffs' septic tanks present a health hazard and hence their use of the sewer system is not compulsory, although the base payment is required.

[2] Plaintiffs rely upon such cases as City of Stanfield v. Burnett, 353 P2d 242 (Ore. 1960); City of Maysville v. Coughlin, 399 SW2d 297 (Ky. 1966); Rock Hill Sewerage Disposal Corp. v. Town of Thompson, 276 NY Supp2d 188 (1966); Arizona v. Bartos, 423 P2d 713 (Ariz. 1967); Giesel v. City of Broadview Heights, 236 NE2d 222 (Ohio 1968).

[3] The city relies upon such cases as Colley v. Village of Englewood, 80 Ohio App. 540 (71 NE2d 524) (1947); Coudriet v. Township of Denzinger, 411 A2d 846 (Pa. 1980).

collect rates, fees and charges only for public and private consumers and users who use the city's sewer system.

*Judgment reversed. All the Justices concur.*

DECIDED SEPTEMBER 6, 1984.

*Eddings & Berry, Stephen L. Berry,* for appellants.
*Ossick & Taylor, Andrew A. Taylor,* for appellees.
*Walter E. Sumner, Janet M. Bolt,* amicus curiae.