STATE, Respondent, v. CROY, Appellant.

*September 7—October 4, 1966.*

For the appellant there was a brief by *Vernon A. Swanson* and *Swingen, Stern, Lenahan & Swanson,* all of Oshkosh, and oral argument by *Vernon A. Swanson.*

For the respondent the cause was argued by *Betty R. Brown,* assistant attorney general, with whom on the brief were *Bronson C. La Follette,* attorney general, and *William A. Platz,* assistant attorney general.

A brief *amici curiae* was filed by *Irving D. Gaines,* attorney, and *David A. Saichek* of counsel, both of Milwaukee, for the Wisconsin Hotel-Motel Resort Association and Greater Milwaukee Hotel-Motel Association.

GORDON, J.    The appellant was convicted of a violation of sec. 943.21, Stats., and on appeal urges that his conviction should be set aside because the trial court misinterpreted such section and because the statute is unconstitutional insofar as it provides for imprisonment for debt. In addition, the defendant claims that the court had no jurisdiction over him because he was brought into the state under a faulty warrant.

## *Intentionally Absconding.*

There was evidence that the defendant incurred a bill for room rental, food and telephone service and that he left without paying or making arrangements therefor. A suitcase was found in his room after he left, but it was not definitively identified as the property of the defendant. Neither its contents nor its value were disclosed in the record.

The appellant stresses his view that sec. 943.21, Stats., does not permit conviction unless a nonpaying guest defeats the innkeeper's lien by removing baggage. We find no merit in this argument. The statute is designed to prevent a fraud upon an innkeeper and not merely to prevent the latter's losing control of something on which he would otherwise have a lien. In our opinion, the evidence in this case was sufficient to enable the trial court to find an intent to defraud the hotel.

The legislative history of the relevant statutes offers no support for the appellant's claim that he could not be found guilty of absconding. The 1889 statute (sec. 4438b) expressly required an intent to cheat or defraud in connection with the removal of baggage. The 1925 enactment (sec. 343.402) proscribed absconding as well as the surreptitious removal of baggage. The present law which directly governs the case before us was adopted in 1955.

Insofar as it relates to the issue in this case, the most obvious change in the legislation is the deletion of the provision that an offense can be committed by the removal of one's luggage. We believe that this legislative change is readily understandable in terms of the growth of motels and in the more ready access that guests have to their rooms from automobiles. In the operation of a modern motel or motor hotel the guest supervises his own luggage both upon arrival and departure, and the innkeeper pays little attention to his guest's baggage. It is our opinion that the presence or absence of luggage on the hotel premises is no longer deemed so vital a factor in protecting the innkeeper's right to be paid. We believe that the legislative history of the Wisconsin statutes reflects these changes.

A definition of the words "intentionally absconds" was asserted by the Wisconsin legislative council in its 1953 report (p. 117, vol. V) :

"Under this section the actor must abscond without paying for the food, lodging or other service. 'Abscond' means to depart clandestinely. (Webster's New International Dictionary (2d ed.)). In the context of this section a person absconds if he departs without the knowledge or consent of the operator of the hotel, motel, boarding or lodging house, or restaurant. . . ."

The statute indicates a legislative intention to make it a criminal act for a person to depart clandestinely from a hotel regardless of whether he leaves baggage behind; in addition, the statute requires a specific intention on the part of the wrongdoer so that conviction cannot be had in the absence of an act of fraud.

*Claimed Unconstitutionality of Imprisonment for Debt.*

Mr. Croy urges that sec. 943.21, Stats., violates sec. 16, art. I of the Wisconsin constitution, which prohibits im-

prisonment for debt. The argument is groundless since the offense under the statute is not the debtor's nonpayment but rather the fraud through which payment is evaded. *Pauly v. Keebler* (1921), 175 Wis. 428, 185 N. W. 554; *State v. Yardley* (1895), 95 Tenn. 546, 32 S. W. 481.

Mr. Croy has attempted to distinguish the Wisconsin constitutional barrier because it makes no exception for fraud cases. He points to the constitutions of a few other states which also have prohibitions against imprisonment for debt but which provide, in addition, a specific exception for cases of fraud. We find no significance to this distinction and deem that the legislature of Wisconsin may constitutionally punish fraud by imprisonment even though such fraud arises in connection with the nonpayment of a debt.

### Jurisdiction Over the Person.

Mr. Croy surrendered himself in another state, waived extradition and was returned to Wisconsin. When it was realized that the warrant issued for his arrest was defective under the rule of *State ex rel. White v. Simpson* (1965), 28 Wis. (2d) 590, 137 N. W. (2d) 391, the original action against Mr. Croy was dismissed. However, he voluntarily remained in Wisconsin and submitted to rearrest under a new warrant.

The appellant now claims that since the initial warrant was invalid, the second warrant was not sufficient to bring him under the court's jurisdiction. This argument is ineffective in light of *Baker v. State* (1894), 88 Wis. 140, 59 N. W. 570, which has never been overruled by this court. A comparable principle was expressed by the United States supreme court in *Frisbie v. Collins* (1952), 342 U. S. 519, 72 Sup. Ct. 509, 96 L. Ed. 541, rehearing denied, 343 U. S. 937, 72 Sup. Ct. 768, 96 L. Ed. 1344. We find no basis for upsetting *Baker v. State* and con-

clude that Mr. Croy was lawfully within the jurisdiction of the Wisconsin courts.

*By the Court.*—Judgment affirmed.