423 P.2d 713

**STATE of Arizona, Plaintiff,**

v.

**Dan BARTOS, Defendant.**

**No. 1740.**

Supreme Court of Arizona.

In Banc.

Feb. 10, 1967.

Robert K. Corbin, County Atty., Maricopa County, Fred J. Ash, City Atty., City of Scottsdale, and Richard Filler, Scottsdale, for the State.

Dan Bartos, in pro. per.

UDALL, Justice.

City of Scottsdale Ordinances 64 and 207 provide for a "sewer rental charge" to be paid to the city by owners of premises served by the city sewer system. The rental charges are pledged by the city to retire the bonds used to finance construction of the sewer system and to the current operating and maintenance expenses of said system. Section 29 of Ordinance 207 is a catch-all penalty provision:

> "Any system, corporation, or firm violating the terms of this ordinance shall be fined not more than the sum of Three Hundred Dollars ($300.00) or by imprisonment for a period not to exceed sixty (60) days, or by both such fine and imprisonment."

On July 15, 1966, a criminal complaint was filed in the city court of the City of Scottsdale, charging Dan Bartos (hereinafter referred to as defendant) with a violation of city ordinances 64 and 207. The complaint alleged that defendant used

sewage facilities without paying the rental charge imposed on a user. Defendant was found guilty as charged and sentenced to pay a fine of $50 or to be imprisoned for a period of twenty days. Defendant appealed to the superior court and in accordance with the provisions of Rule 346, Arizona Rules of Criminal Procedure, 17 A.R.S., the superior court has certified the following question:

"Does a municipal ordinance which provides a fine or jail sentence for one who uses municipal sewage facilities without paying the rental charge imposed on the user violate Article II, Section 18 of the Constitution of the State of Arizona?"

Article II, Section 18 reads:

"There shall be no imprisonment for debt, except in cases of fraud."

A municipality may regulate and control the use of its sewer system under its police power to promote the public health of citizens within the city; and where as in the instant case, the sewer system has been constructed at the general expense of the municipality, a reasonable rental charge for the use thereof may be fixed and an appropriate collection procedure may be enforced. Such rental charges are neither taxes nor assessments, but are charges made for use of the sewer. See, The Law of Municipal Corporations, McQuillan, Third Edition, Section 31.30A.

We are of the opinion that the rental charge imposed for the use of the sewer is a charge for services rendered, and as such, it constitutes a debt within the guarantee of Article II, Section 18 of the Arizona Constitution against imprisonment for debt. See Turner v. State, ex rel. Gruver, Fla.App.1964, 168 So.2d 192; Hubbell v. Higgins, 148 Iowa 36, 126 N.W. 914; State v. McFarland, 60 Wash. 98, 110 P. 792.

The Florida court in the Turner case said at page 193 of 168 So.2d:

"The obligation placed * * * on landowners to pay a charge for garbage and waste collection and disposal is not a tax but is a charge imposed for a special service performed to the owner by the county, and as such it constitutes a debt within the guarantee of § 16 of the Declaration of Rights against imprisonment for debt."

Hubbell v. Higgins, supra, involved a fee for hotel inspection service, nonpayment of which was made a misdemeanor punishable by fine or imprisonment. The Iowa court held at page 918 of 126 N.W.:

"It is said that under this section a mere failure on the part of the hotel keeper to pay the inspection fee is made a misdemeanor, and that this is so, even though he comply with every other requisite of the law, and that the effect of such provision is to subject the hotel keeper to imprisonment for failure to pay a debt. We think this contention must be sustained. That is to say, that part of section 16 which makes a mere failure to pay the inspection fee a misdemeanor punishable by fine and imprisonment is clearly unconstitutional as being a violation of section 19, article 1, of the Constitution of this state, which forbids imprisonment for a debt."

The McFarland case also involved a fee for hotel inspection service. The Washington Court cited the Hubbell decision as controlling in holding that imprisonment for nonpayment of the fee was unconstitutional.

This Court held In the Matter of Application of Silvas, 16 Ariz. 41, 44, 140 P. 988, 989:

"The prohibition in the Constitution against imprisonment for debt only applies to debts arising from contract, either express or implied. It has no application to fines imposed in criminal proceedings for violations of the criminal laws of the state."

We deem a sewer rental charge to be a debt based on a contractual relationship. See Opinion of the Justices, 93 N.H. 478, 39 A.2d 765; City of Stanfield v. Burnett, 222 Or. 427, 353 P.2d 242; In re Petition of Philadelphia, 340 Pa. 17, 16 A.2d 32; Pow-

ell v. City of Duluth, 91 Minn. 53, 97 N.W. 450. In Opinion of the Justices, 39 A.2d at 767, the New Hampshire Court said:

"* * * (W)e hold that the sewer rents imposed by the city * * * are neither taxes nor assessments for a local benefit but, like water rates * * * are charges made for a service rendered—charges which the consumer, by accepting the service, impliedly agrees to pay."

The Pennsylvania court noted in In re Petition of Philadelphia, 16 A.2d at 34:

"These [sewer] charges are not taxes * * * but charges made * * * for an industrial service rendered in value equal to the respective sums charged; by using the facilities with knowledge of the rates charged, the consumer, by implication, contracts and agrees to pay the rates, and his obligation to make payment rests upon contract rather than upon any exercise of the taxing power."

Since the sewer rental charge is a debt arising out of a contract, it is clear that under the law as stated in the Application of Silvas case, supra, the City of Scottsdale may not constitutionally imprison a property owner for nonpayment of the rental fee. However, the City purports to accomplish the same end by making the nonpayment of the rental charge a crime and punishable by imprisonment. The rule general recognized as applicable in such a situation is stated in 16 C.J.S. Constitutional Law § 204(4):

"* * * (T)he power to prescribe punishment in a criminal case may not be used to defeat the constitutional guaranty against imprisonment for debt; and the courts will not permit the purposes of such constitutional provision to be circumvented by mere form. Accordingly, statutes declaring the nonpayment of an obligation to be a crime must be examined in the light of the constitutional provision, and their validity is dependent on whether the legislative objective is consistent with the constitutional guaranty.

\* \* \* \* \* \*

"* * * Statutes or ordinances, designed as debt collecting devices under the guise of penal laws, contravene the constitutional prohibition against imprisonment for debt. * * *"

After due consideration, we are convinced that the City of Scottsdale's Section 29 of Ordinance 207 amounts to a mere "debt collecting device under the guise of penal laws." In concluding we note that the question as certified requests this Court's opinion as to whether a municipal ordinance which provides for a fine or jail sentence for one who uses municipal sewage facilities without paying the rental charge imposed on the user violates Article 2, § 18 of the Constitution of the State of Arizona. As pointed out, § 29 of Ordinance 207 is a catch-all penalty provision. It does not expressly provide a penalty for the failure to pay for the use of municipal sewage facilities. It is the application of § 29 to this prosecution which is invalid. Section 29 is not necessarily unconstitutional as applied to other parts of the ordinance but obviously, would be unconstitutionally applied if used to prosecute criminally a person for the nonpayment of a debt. Courts may annul the action of a public official without declaring the statute invalid. Southwest Engineering Co. v. Ernst, 79 Ariz. 403, 412, 291 P.2d 764, 770. Our conclusion, therefore, is that § 29 of Ordinance 207 is not per se unconstitutional but as applied in this instance deprives the defendant of a constitutional right.

BERNSTEIN, C. J., McFARLAND, V. C. J.; and STRUCKMEYER and LOCKWOOD, JJ., concur.