## STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. HENRY MADEWELL, DEFENDANT-APPELLANT.

Argued November 21, 1972—Decided September 5, 1973.

*Mr. Stephen Apollo,* Assistant Deputy Public Defender, argued the cause for defendant-appellant (*Mr. Stanley C. Van Ness,* Public Defender, attorney; *Mr. Apollo,* of counsel and on the brief).

*Mr. John A. Brogan,* Deputy Attorney General, argued the cause for plaintiff-respondent (*Mr. George F. Kugler, Jr.,* Attorney General of New Jersey, attorney; *Mr. Brogan,* of counsel and on the brief).

PER CURIAM. The indictment returned against defendant charged that he "unlawfully and willfully did abandon" a

leased motor vehicle contrary to the provisions of *N. J. S. A.* 2A:111–35. Following conviction by a jury in the Bergen County Court, a jail term was suspended and he was placed on probation for five years, during which time he was to make restitution and undergo medical treatment. The Appellate Division affirmed the conviction. 117 *N. J. Super.* 392 (1971). We granted certification on defendant's petition. 60 *N. J.* 22 (1972).

The full text of the cited statute, enacted as *L.* 1964, *c.* 294, § 2, and never previously considered by this court, reads:

### Abandonment, sale, failure to return after demand, etc., as misdemeanor; defense

Any person who, after hiring, leasing or renting a motor vehicle under an agreement in writing, which provides for return of said vehicle to a particular place, or at a particular time, shall abandon said vehicle, *or* secrete, convert, sell or attempt to sell the same or any part thereof, *or* who shall fail to return the vehicle to said place within the time specified, and is thereafter personally served with a written demand, or upon whom written demand is thereafter made by registered mail, to return said vehicle to the place specified in the written agreement within 72 hours from the time of the personal service or service by registered mail of such demand, and who fails, except for causes beyond his control to return said vehicle to the lessor within said period, is guilty of a misdemeanor.

Service by registered mail shall be deemed to be complete upon deposit in the United States mail of such demand securely wrapped, postpaid and addressed to such person at the address for such person set forth in the written agreement for the hire or use thereof or in the absence of such address to such person's last known place of residence.

It shall be a complete defense to any civil action arising out of or involving the arrest or detention for a violation of this act of any person upon whom such demand was served personally or by registered mail that he failed to return the vehicle to the place specified in the rental agreement within such 72-hour period. (Emphasis supplied.)

The verdict was fully supported by the proofs and there is no contention that it was against the weight of the evidence. The jury could reasonably have found that defendant rented a car from the lessor in Bergenfield on October 31,

1969 under a written agreement. While the date for return of the vehicle was left blank at the time of execution, the understanding was that he would only keep the car for a few days until the completion of repairs to his own automobile elsewhere and that, if he required it for a longer period, he would advise the lessor. The defendant was never heard from thereafter and the lessor's efforts to locate him or the vehicle were unsuccessful. A registered letter sent to him, demanding its delivery within 24 hours, was returned unclaimed. Finally, on February 19, 1970, the car was found by the local police in Fort Lee in a mechanically inoperable condition and otherwise damaged. It had been run over 4,000 miles since the rental. Numerous tickets for violation of parking meter regulations had been issued against it in Fort Lee.

The defense was that the car malfunctioned while defendant was driving it in Fort Lee early in February and could not be driven further, so that he was forced to leave it, and that he thereupon called the lessor and advised what had happened and where the car could be found. The lessor denied receipt of any such phone call. The jury was not required to accept defendant's story and obviously did not.

 The defendant took the legal position at trial that the statute required, to establish commission of the crime, not only proof of abandonment but also of personal or registered mail service of a demand for return within 72 hours and of failure to do so absent causes beyond the lessee's control. A charge to the jury to that effect was requested and denied. The trial judge viewed the provisions of the statute as not so interrelated and decided that it prescribed different categories of offenses so that an unresponded to demand for return was not a required element when abandonment was charged. He therefore instructed the jury, in effect, that the absence of a 72 hour demand was of no materiality and that the defendant could be convicted upon abandonment alone, which he defined. No objection was made to the definition. He also indicated that, if the defendant's story were believed,

there was no abandonment within the intent of the statute and he was not guilty of the offense charged.

The Appellate Division agreed with the trial court's construction of the statute and so with its instructions to the jury, correctly we think. For the reasons which that tribunal spelled out, the statute must be construed as prescribing separate categories of offenses. The first consists of two subclasses, as to both of which a criminal intent is required. One encompasses abandonment — conduct revealing intentional indifference or disregard as to whether the owner-lessor does or does not ever regain his property, coupled, of course, with a voluntary, permanent, physical relinquishment of the lessee's possession of or claim to the vehicle. It is akin to desertion in other fields of the law and was the situation in the case at bar. Defendant's contention in this court that abandonment as thus defined amounts to no more than a non-criminal breach of contract is thoroughly wrong. The other subclass includes secretion, conversion, sale, attempted sale and the like — affirmative acts by the lessee having the intent and purpose to permanently deprive the lessor of all title and possession and to appropriate the vehicle or its proceeds to the lessee's use and benefit. The second category consists merely of failure to return the vehicle at the date fixed by the rental agreement and after service of a demand for return within 72 hours, seemingly regardless of criminal intent. (The statutory excuse of inability to do so by reason of causes beyond the lessee's control, as for example, theft of the vehicle by a third party, applies only to this second category.)

We also completely agree with the Appellate Division's conclusion that constitutional challenges to the statute by defendant, as well as a claim that the motion for judgment of acquittal at the end of the State's case should have been granted, also renewed here, have no merit. Most of them are built around defendant's theory of interrelation of the statutory provisions which we have rejected above. These attacks include claims that the statute is void for

vagueness and uncertainty, for violation of the equal protection clauses of the State and Federal Constitutions, and for violation of the provision of the State Constitution (Art. IV, sec. 7, par. 4) requiring that a statute embrace but one object.

One intimation which might well be gathered from the opinion of the Appellate Division raised doubt in our minds and weighed heavily in deciding to grant certification. This was the tacit assumption that the second category of offenses set forth in *N. J. S. A.* 2A:111-35 — mere failure to return an overdue vehicle within 72 hours after demand, without more — could validly constitute a crime. We therefore, in the order for certification, requested counsel to argue whether failure to perform the terms of a contract may constitute a crime. While the question is not specifically involved in this case, since defendant was prosecuted only for intentional abandonment, and the Appellate Division was not called upon to consider it, we believe it of sufficient importance to express briefly our present, though not necessarily the final, view about it to afford some guidance in future administration of the statute.[1]

---

[1] A companion statute, *N. J. S. A.* 2A:111-37 and -38, enacted by *L.* 1968, *c.* 253, dealing with renting or leasing other kinds of personal property by false representation and failure to return the same, may also be noted in this same connection. *N. J. S. A.* 2A:111-38, unlike *N. J. S. A.* 2A:111-35, does not contain any provision making abandonment, secretion, conversion, sale or attempted sale a crime; it is confined, by language substantially identical with that in *N. J. S. A.* 2A:111-35, to making the failure to return overdue rented personal property after service of a 72 hour notice a misdemeanor.

It may further be noted that *N. J. S. A.* 2A:111-34, that portion of the 1964 act making it a misdemeanor to rent a motor vehicle with intent to defraud the lessor, provides that the obtaining of possession thereof by any false or fraudulent representation, including *inter alia*, the refusal to pay the rental or absconding without paying the rental, "is prima facie evidence of intent to defraud." We express no view on whether such declaration is sufficiently grounded in probability or rationality to be valid. No such provision is found in the 1968 act dealing with the rental of other personal property.

■ Implicated, of course, is our State Constitution provision, Art. I, par. 13, which first appeared in the 1844 Constitution, Art. I, par. 17, that "No person shall be imprisoned for debt in any action, or on any judgment founded upon contract, unless in cases of fraud. * * *" Similar provisions are commonly found in most states, either in constitutions or statutes. It was early said in this state that its purpose is to protect the honest, but unfortunate, debtor from imprisonment, which had previously been allowed in England and in this country, while at the same time leaving the Legislature at liberty, "as public policy and experience may dictate, to reach the fraudulent and dishonest shifts and devices of the debtor; and subject him to imprisonment, for the debt he is seeking to avoid the payment of." *Ex parte Clark*, 20 *N. J. L.* 648, 650 (Sup. Ct. 1846). It is also long settled in New Jersey, as distinct from the interpretation reached in some other states, that "debt" is not confined to its technical meaning of an obligation to pay money, but rather that "* * * it includes debt in the popular sense of a demand founded on contract express or implied, and comprises all actions *ex contractus*." *Perry v. Orr*, 35 *N. J. L.* 295, 298 (Sup. Ct. 1871). Compare *Speidel v. Stale*, 460 *P. 2d* 77 (Alaska Sup. Ct. 1969). See generally, *Perlmutter v. DeRowe*, 58 *N. J.* 5 (1971).

The general law is clear that

Statutes or. ordinances, designed as debt collecting devices under the guise of penal laws, contravene the constitutional prohibition against imprisonment for debt. Thus, the legislature may not circumvent the prohibition by rendering criminal a simple breach of contract, the nonpayment of a debt, or the failure to use one's own money for a purpose other than for payment of debts. However, statutes against false pretenses, frauds, cheats, and the like, are sustained as against the constitutional objection that such statutes impose imprisonment for debt, on the theory that one who violates the act is punished for the crime he has committed, although civilly the acts may also constitute a breach of contract or the nonpayment of a debt. * * * (16 *C. J. S.*, Constitutional Law, § 204(4), p. 1011).

See also 16 *Am. Jur. 2d,* Constitutional Law, §§ 386-388. Thus, for example, a provision in an ordinance making punishable mere refusal to pay a taxicab fare has been struck down, *Melconian v. City of Grand Rapids,* 218 *Mich.* 397, 188 *N. W.* 521 (1922), as has a provision of the California agricultural code making it a misdemeanor for a produce dealer to fail to make "settlement" for produce purchased, *People v. Rohe,* 114 *Cal. App. 2d* 605, 250 *P. 2d* 647 (D. Ct. App. 1952).

▮ Consequently we are of the present view that the provision of *N. J. S. A.* 2A:111–35 making it a misdemeanor merely to fail to return an overdue rented motor vehicle after a 72 hour demand in effect makes breach of contract a crime and therefore runs afoul of the constitutional prohibition of imprisonment for debt except in cases of fraud. We conceive, however, that this provision is severable and that its invalidity would not affect the remainder of the section. This is not to say that the failure to return after such a notice may not be evidential of abandonment, conversion and the like, or of the intent to commit such acts, provided that it does not stand alone in the proofs and there is other evidence thereof in the case. See generally as to crimes of this type, Anno., Criminal Offenses in Connection with Rental of Motor Vehicles, 38 *A. L. R. 3d* 949 (1971).

The judgment of the Appellate Division is affirmed.

*For affirmance* — Chief Justice GARVEN, Justices JACOBS, HALL, MOUNTAIN and SULLIVAN, and Judge CONFORD.—6.

*For reversal* — None.