546 P.2d 840

**The STATE of Arizona, Appellee,**

v.

**Ralph Lee NORCROSS, Appellant.**

**No. 1 CA–CR 1427.**

Court of Appeals of Arizona,
Division 1,
Department A.

March 2, 1976.

Bruce E. Babbitt, Atty. Gen., by William J. Schafer, III, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Rudolph J. Gerber, Deputy Public Defender, Phoenix, for appellant.

OPINION

OGG, Judge.

The defendant/appellant Ralph Lee Norcross was charged with the offense of escape from the county jail, a felony, in violation of ARS § 13–393. The defendant waived his right to a trial by jury and, on June 26, 1975, submitted his case for deter-

mination of innocence or guilt to the trial court on the basis of the booking slip and departmental reports of the police involved. Thereafter, on that same date, the defendant was found guilty as charged. On July 14, 1975, the defendant was sentenced to serve a term of not less than 3 nor more than 5 years in prison, the sentence to run concurrently with the sentence imposed in criminal cause No. CR–85223—an armed robbery conviction. The defendant now appeals from the judgment and sentence in cause No. CR–87705, the escape offense.

The memorandum of defendant's court appointed counsel was filed in accordance with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969). On November 28, 1975, pursuant to an order of this court, counsel for the defendant mailed defendant a copy of all records on appeal. The defendant was given an opportunity to file a supplemental memorandum on or before January 12, 1976, if he desired to raise any additional matters for the court's consideration. No additional memorandum was filed.

The only issue that we feel should be discussed concerns defendant's motion for dismissal made before the case was to be submitted to the trial court for judgment. The defendant argued in part that the statute covering escape from the county jail, ARS § 13–393[1] was unconstitutional, being violative of the equal protection clause of the 14th Amendment of the Constitution. Defendant asserted that the statute is violative inasmuch as those people incarcerated in the county jail because they are unable to post bail are put in a position to violate the statute whereas those able to make bail are immune from the statute.

The Arizona Constitution states in Article 2, Section 22:

All persons charged with crime shall be bailable by sufficient sureties, except for capital offenses when the proof is evident or the presumption great;

and in Article 2, Section 15 of the Arizona Constitution it is provided:

Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted.

In keeping with these constitutional provisions, Rule 7.2(a), Arizona Rules of Criminal Procedure, 17 ARS, provides:

Any person charged with an offense bailable as a matter of right shall be released pending or during trial on his own recognizance, unless the court determines, in its discretion, that such a release will not reasonably assure his appearance as required. If such a determination is made, the court may impose the least onerous condition or conditions contained in Rule 7.3(b) which will reasonably assure his appearance.

Rule 7.3(b) provides:

An order of release may include the first one or more of the following conditions reasonably necessary to secure a person's appearance:

(1) Execution of an unsecured appearance bond in an amount specified by the court;

The defendant was charged with armed robbery and bond set at $5500. Defendant could not raise this amount and thus was incarcerated in lieu of the bond.

In *Gusick v. Boies*, 72 Ariz. 233, 237, 233 P.2d 446, 448 (1951), the court held:

In determining the amount of bail, in light of the constitutional prohibition against excessive bail, the court should consider the circumstances of each case, including among other factors: the nature and gravity of the offense charged; the character and reputation of the accused; his previous criminal record, if any, the measure of punishment which may be inflicted; and the ability of the

---

1. ARS § 13–393 states:
A person who, being confined in a county jail, escapes therefrom, is guilty of a felony if the confinement is upon a charge, arrest, commit- ment or conviction for a felony, and is guilty of a misdemeanor if the confinement is upon a charge, arrest, commitment or conviction for a misdemeanor.

accused to give bail, which includes his own pecuniary condition as well as the possession of friends able and willing to give bail for him.

The defendant was charged with armed robbery, a serious offense which carried a penalty of five years to life imprisonment with a minimum of five years being served without eligibility for parole. See ARS § 13–643(b). It is not in the record on appeal what the circumstances of the crime were nor is there anything in the record as to defendant's previous criminal record, if any. However, an appellate court will not weigh the evidence on appeal but rather it is within the trial court's sound discretion. Rule 7.2A, Arizona Rules of Criminal Procedure, 17 ARS. See *State v. Ramos*, 108 Ariz. 36, 492 P.2d 697 (1972). Furthermore, there is no federal constitutional right to bail, it is only that "excessive bail shall not be required." *Rendel v. Mummert*, 106 Ariz. 233, 236, 474 P.2d 824, 826 (1970). U.S.C.A.Const. Amend. 8. Where the trial court sets bail in conformance with the provisions of Rule 7.2A, supra, and the guidelines of the *Gusick* case, this court will not find a constitutional violation unless the amount of such bail is clearly excessive. Considering the gravity of the offense charged, coupled with the fact that the trial court was able to review defendant's record and the circumstances of the case before setting bond, we feel there was no abuse of discretion in setting the bond at $5500.

The defendant claims that § 13–393 denied him equal protection in that it discriminates against the class of people he is within—those who cannot afford bail and must remain incarcerated pending trial. Bail is set for those incarcerated for the sole purpose of securing the attendance in court of the defendant when required. *Gusick*, supra. Bail is not to be an instrument of oppression. *State v. Marlin*, 5 Ariz.App. 524, 428 P.2d 699 (1967).

If a defendant who has secured a bond for his release pending trial does not appear for his trial, not only is he penalized the loss of his bond but he may be held in contempt of court and receive an additional fine and jail sentence. ARS §§ 12–861, 12–863. The state exacts a penalty on both classes when they attempt to avoid the judicial process, either by escape from incarceration, or failing to appear as scheduled in court.

Furthermore, the orderly administration of justice mandates that there must be some deterrent to prevent those incarcerated from escaping. Remedies are available through the legal process for securing release of those who feel they are unlawfully held in custody and the doctrine of self-help is not available to a prisoner in a penal institution. *Mullican v. United States*, 252 F.2d 398 (5th Cir. 1958). The *Mullican* court held that a defendant could be convicted for escape even if his confinement was unlawful at the time of his escape. See also *Derengowski v. United States*, 404 F.2d 778 (8th Cir. 1968).

The equal protection clauses of federal and state constitutions require that statutes passed under the auspices of the state's police power have some natural and reasonable basis and relationship to the object to be accomplished and such statutes cannot be discriminatory, capricious or unreasonable. U.S.C.A.Const. Amend. 14; ARS Const. Art. 2, § 13; *State v. Double Seven Corp.*, 70 Ariz. 287, 219 P.2d 776 (1950); *State v. Also*, 11 Ariz.App. 227, 463 P.2d 122 (1969).

We hold that the statute under attack (ARS § 13–393), for the reasons discussed above, meets the required constitutional test. The statute has a reasonable basis and does not discriminate between classes of people and therefore is not violative of the equal protection clause of the 14th Amendment.

The judgment and sentence are affirmed.

FROEB, J., and DONOFRIO, P. J., Department A, concur.