580 P.2d 1202

**The STATE of Arizona, Appellant,**

v.

**Rudolph Edward LEEMAN, Appellee.**

**No. 2 CA–CR 1137.**

Court of Appeals of Arizona, Division 2.

Dec. 20, 1977.

Rehearing Denied Feb. 1, 1978.

Review Granted Feb. 28, 1978.

Stephen D. Neely, Pima County Atty. by Zada Edgar, Deputy County Atty., Tucson, for appellant.

John M. Neis, Pima County Public Defender by David C. Anson, Asst. Public Defender, Tucson, for appellee.

## OPINION

HATHAWAY, Judge.

Appellee was charged with one count of theft by embezzlement in violation of

A.R.S. § 13–682, as amended, and his subsequent motion to dismiss, attacking the statute as violative of the equal protection clause of the United States and Arizona Constitutions, was granted. The state appeals.

A.R.S. § 13–682, as amended, provides in pertinent part:

"A. A person is guilty of theft by embezzlement who:

\*     \*     \*     \*     \*     \*

4. Has leased or rented personal property, and who fraudulently fails to return such personal property, to the lessor within ten days after the lessor has made written demand by certified or registered mail following the expiration of the lease or rental agreement for return of the property so leased or rented.

B. It shall be prima facie evidence of intent to commit theft by embezzlement of leased or rented personal property when one who has leased or rented the personal property of another fails to return or make arrangements acceptable with the lessor to return the personal property to its owner within ten days after proper notice following the expiration of the lease or rental agreement, or presents identification to the lessor or renter thereof which is false, fictitious or not current with respect to name, address, place of employment or other appropriate items.

C. Proper notice by the lessor on a charge of theft by embezzlement of leased or rental property shall consist of a written demand addressed and mailed by certified or registered mail to the lessee at the address given at the time of making the lease or rental agreement.

D. The following factors *taken as a whole* shall constitute an affirmative defense to prosecution for theft by embezzlement of rented or leased personal property:

1. That the lessee accurately stated his name and address at the time of rental.

2. That the lessee's failure to return the item at the expiration date of the rental contract was lawful.

3. That the lessee failed to receive the lessor's notice personally.

4. That the lessee returned the personal property to the owner or lessor within seventy-two hours of the commencement of prosecution, together with any charges for the overdue period and the value of damages to the personal property, if any." (Emphasis added)

The thrust of appellee's attack on the statute was that it discriminated against the poor in that it permitted a person with money to buy an affirmative defense. The trial court apparently agreed.

Appellee was charged with having rented a stereo set and having failed to return it within the time requirement of the lease agreement. He argued that under subsection (D)(4) of A.R.S. § 13–682, a defense is afforded people who have the money to pay the lessor whereas the defense is unavailable to one without money.

Initially we would point out that, contrary to appellee's argument, subsection (D) of A.R.S. § 13–682 provides for four factors which *taken as a whole* constitute an affirmative defense. Restitution alone does not afford the accused a defense. The word "fraudulently" in A.R.S. § 13–682(A)(4) is descriptive of the mens rea of the crime. *State v. Scofield*, 7 Ariz.App. 307, 438 P.2d 776 (1968). A reading of the four factors indicates that proof of all four, if believed by the trier of fact, would establish that the failure to return the rental property was not fraudulent.

█ We do agree that subsection (D) is unconstitutional. It provides a defense to

an accused (1) who accurately states his name and address at the time of rental, (2) whose failure to return the property at the expiration of the rental contract was lawful, (3) who failed to personally receive the lessor's notice and (4) who returned the property within a specified time and paid the overdue charges and for any damages to the property. On the other hand, a person who in fact had no fraudulent intent might be able to prove factors (1), (2) and (3) and that he returned the property. However, because of financial straits, he could not make the payment specified in (4) and thus would be deprived of the defense. In the absence of fraud, there can be no imprisonment for debt. Ariz.Const. art. 2, § 18. The proscription of A.R.S. § 13–682(A)(4) is the intent to defraud. To expose a person to punishment solely because he could not pay the charges for the overdue period and/or the damages, if any, to the rental property within 72 hours of the commencement of the prosecution would be tantamount to imprisonment for debt, hence violative of the constitutional prohibition. See *State v. Madewell*, 63 N.J. 506, 309 A.2d 201 (1973). Subsection (D) thus does not pass constitutional muster.

The next question is whether the entire statute fails because of the invalidity of subsection (D) which provides an affirmative defense. Certain provisions of a statute may remain viable despite the fact that other clauses contained therein are declared unconstitutional, provided that the latter are severable in such a way that the legislature would be presumed to have enacted them independently. *State ex rel. Berger v. Superior Court*, 106 Ariz. 365, 476 P.2d 666 (1970). We are of the opinion that subsection (D) can be severed and thus the remainder of A.R.S. § 13–682, as amended, is valid.

The legislature, in amending A.R.S. § 13–682, expressed its intent:

"The purposes of this act are:

\*      \*      \*      \*      \*      \*

2. To decrease the burden of proof necessary to establish guilt in an action based on theft by embezzlement of rental property." Laws 1972, Ch. 98, § 1.

In a prosecution for embezzlement, the state has the burden of proving fraudulent intent. Since a person's state of mind can only be proven by circumstantial evidence, our legislature enacted A.R.S. § 13–682(B) which places on the accused the burden of going forward with evidence peculiarly within his knowledge. A statutory inference which creates prima facie evidence of guilt and which permits, but doesn't compel, a finding of guilt by proof of certain facts is valid. *People v. Jones*, 553 P.2d 770 (Colo.1976); *State v. Fitzmaurice*, 126 N.J.Super. 361, 314 A.2d 606 (1974); *State v. Haremza*, 213 Kan. 201, 515 P.2d 1217 (1973); *State v. Gilbert*, 3 Wash. App. 491, 475 P.2d 797 (1970). See also, Annot., 162 A.L.R. 495 (1946).

Where the fact presumed has a fair relation to or some natural connection with the fact to be proven, it is competent for the legislature to make proof of one fact prima facie evidence of another fact essential to the guilt of the accused. *Turner v. United States*, 396 U.S. 398, 90 S.Ct. 642, 24 L.Ed.2d 610 (1970). It appears to us that where a person fails to return leased property after proper notice or gives false, fictitious or non-current identification to the lessor when the lease arrangement is made, it is not unreasonable or arbitrary to make such fact prima facie evidence of fraudulent intent. The defendant, who has the more convenient access to evidence relating to his intent, is not subjected to unfairness or hardship in being required to come forward with evidence to rebut the presumption. See, *Casey v. United States*, 276 U.S. 413, 48 S.Ct. 373, 72 L.Ed. 632 (1928). Proof of any of the factors listed in § 13–682(D), although falling short of the complete defense described in (D), would tend to negate the mens rea necessary for guilt.

We hold that A.R.S. § 13–682, as amended, is valid by severing subsection (D) and

therefore the lower court erred in dismissing the indictment.

The order of dismissal is vacated.

HOWARD, C. J., and RICHMOND, J., concur.