581 P.2d 693

STATE of Arizona, Appellant,

v.

Rudolph Edward LEEMAN, Appellee.

No. 4191–PR.

Supreme Court of Arizona,
In Banc.

June 14, 1978.

**460**

John A. LaSota, Jr., Atty. Gen., Phoenix, Stephen D. Neely, Pima County Atty., Zada A. Edgar, Deputy County Atty., Tucson, for appellant.

John M. Neis, Pima County Public Defender, David C. Anson, Donald H. Bayles, Jr., Asst. Public Defenders, Tucson, for appellee.

GORDON, Justice:

Rudolph Leeman was charged with theft by embezzlement of rented or leased property, a violation of A.R.S. § 13–682. Prior to his trial, Leeman moved to dismiss the charge, alleging the statute to be violative of the equal protection clause of United States and Arizona Constitutions. The trial court granted the motion and the state appealed the ruling. Although the Court of Appeals disagreed with Leeman's reasoning, it still found the statute to be unconstitutional. The Court of Appeals concluded the statute violated Art. 2, § 18 of the Arizona Constitution which provides: "There shall be no imprisonment for debt,

except in cases of fraud". *State v. Leeman,* 119 Ariz. 348, 580 P.2d 1202 (App., 1977). A petition for review was timely filed pursuant to Rule 31.19, 17 A.R.S., Rules of Criminal Procedure, and we accepted jurisdiction.

A.R.S. § 13–682 states, in relevant part: "A. A person is guilty of theft by embezzlement who:

\*    \*    \*    \*    \*    \*

"4. Has leased or rented personal property, and who fraudulently fails to return such personal property, to the lessor within ten days after the lessor has made written demand by certified or registered mail following the expiration of the lease or rental agreement for return of the property so leased or rented.

"B. It shall be prima facie evidence of intent to commit theft by embezzlement of leased or rented personal property when one who has leased or rented the personal property of another fails to return or make arrangements acceptable with the lessor to return the personal property to its owner within ten days after proper notice following the expiration of the lease or rental agreement, or presents identification to the lessor or renter thereof which is false, fictitious or not current with respect to name, address, place of employment or other appropriate items.

"C. Proper notice by the lessor on a charge of theft by embezzlement of leased or rental property shall consist of a written demand addressed and mailed by certified or registered mail to the lessee at the address given at the time of making the lease or rental agreement.

"D. The following factors taken as a whole shall constitute an affirmative defense to prosecution for theft by embezzlement of rented or leased personal property:

"1. That the lessee accurately stated his name and address at the time of rental.

"2. That the lessee's failure to return the item at the expiration date of the rental contract was lawful.

"3. That the lessee failed to receive the lessor's notice personally.

"4. That the lessee returned the personal property to the owner or lessor within seventy-two hours of the commencement of prosecution, together with any charges for the overdue period and the value of damages to the personal property, if any."

The Court of Appeals only found subsection D of the statute, which provides an affirmative defense, to be unconstitutional. The court reasoned that since an impecunious person might be able to satisfy the first three elements of the affirmative defense, but not the last, any resultant incarceration would be "tantamount to imprisonment for debt". We believe the Court of Appeals focused too narrowly on a single element of the defense in arriving at its conclusion.

■ Rather than being an exclusive defense, A.R.S. § 13–682(D) merely affords a defendant an additional defense which was previously precluded by A.R.S. §§ 13–685, 13–686. Thus, inability to satisfy a single element of this affirmative defense does not deprive a defendant of the right to dispute his guilt through traditional means.[1]

■ Also important is that payment of the charges and damages does not alone constitute an affirmative defense, because all four of the conditions must be satisfied before the defense is available. From the foregoing one can see that the statute is not a mere debt collection device in the guise of a penal statute such as the ordinance considered in *State v. Bartos*, 102 Ariz. 15, 423 P.2d 713 (1967). Rather, A.R.S. § 13–682 is solely concerned with fraud. This conclusion is strengthened by the fact that nonpayment of rental charges was not selected by the Legislature as one of the acts constituting prima facie evidence of intent to commit theft by embezzlement of rental or leased property.

■ Regardless of the particular defense relied on by an accused, the state still has the burden of proving that the defendant committed an embezzlement. Only after the state satisfies this burden of proof may a person be convicted and, perhaps, subsequently imprisoned. Of course the nature of this particular crime is such that nonpayment of charges to which the defendant obligated himself in exchange for receiving the property invariably becomes part of the res gestae of the crime. However, to focus on the non-payment in order to raise a constitutional argument ignores the fact that the person is being punished on account of fraud, rather than the mere existence of a debt. *See State v. Haremza*, 213 Kan. 201, 515 P.2d 1217 (1973); *State v. Croy*, 32 Wis.2d 118, 145 N.W.2d 118 (1966); *Nunn v. Smith*, 270 N.C. 374, 154 S.E.2d 497 (1967); *Rhodes v. State*, 441 S.W.2d 197 (Tex.Cr.App.1969). *State v. Madewell*, 63 N.J. 506, 309 A.2d 201 (1973), on which the Court of Appeals relied, only addressed the issue of whether imprisonment for the failure to timely return a rented vehicle *alone* violates the imprisonment for debt prohibition. In *Madewell* the New Jersey Supreme Court left unsettled the related issue of fraud with which we are here concerned. Since the Arizona Constitution excepts cases of fraud from its prohibition of imprisonment for debt, and A.R.S. § 13–682 prohibits fraud—not mere debt—we hold that this statute passes constitutional muster as to this point.

Appellee has also raised an equal protection argument. Basically he claims that A.R.S. § 13–682 permits a rich man to purchase a defense, while an indigent would face a conviction for the crime he committed. Again, as in the foregoing issue, this argument only focuses on one element of

---

1. The basic elements of embezzlement are the *fraudulent* conversion of property by the person to whom it has been entrusted. LaFave and Scott, Handbook on Criminal Law § 89, (1972); A.R.S. § 13–681. Specifically, A.R.S. § 13–682(A)(4) provides that a person commits theft by embezzlement if he has leased or rented personal property and "*fraudulently* fails to return" the property to the lessor within ten days after proper notice has been given. Thus, a person may always defend himself on the basis of not having a fraudulent intent, *e. g.*, mistake of fact or law, intoxication, insanity. LaFave and Scott, § 89.

the affirmative defense while ignoring the other required elements of the defense and their unavoidable interrelationship with the crime of embezzlement of rented or leased property.

■ In analyzing this issue we begin with the proposition that the Legislature possesses broad discretion in defining criminal offenses, so long as the classification of an act is not totally arbitrary or capricious. *State v. Hickey*, 114 Ariz. 394, 561 P.2d 315 (1977). Of course, the equal protection clause of the Fourteenth Amendment places restrictions on a state's power.

"Although no precise formula has been developed, the Court has held that the Fourteenth Amendment permits the States a wide scope of discretion in enacting laws which affect some groups of citizens differently than others. The constitutional safeguard is offended only if the classification rests on grounds wholly irrelevant to the achievement of the State's objective. State legislatures are presumed to have acted within their constitutional power despite the fact that, in practice, their laws result in some inequality. A statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it." *McGowan v. State of Maryland*, 366 U.S. 420, 425–426, 81 S.Ct. 1101, 1105, 6 L.Ed.2d 393 (1961); *State v. Wadsworth*, 109 Ariz. 59, 505 P.2d 230 (1973); *State v. Norcross*, 26 Ariz.App. 115, 546 P.2d 840 (1976).

■ Assuming that A.R.S. § 13–682 in fact discriminates between those who can afford to pay for equipment which they have rented and those who cannot, we believe such a classification is rationally related to the purposes of the statute. Underlying the crime of embezzlement is an intentional breach of trust. *State v. Scofield*, 7 Ariz.App. 307, 438 P.2d 776 (1968). The Legislature has declared that if a person satisfied all the conditions of A.R.S. § 13–682(D) then, as a matter of law, there has

been no intentional breach of trust. As the payment for the use of another's property is a primary covenant in a rental or lease agreement, the completion of this duty forms a rational basis for the legislative conclusion that the crime of embezzlement has not been committed when combined with the factors that: (1) the lessee accurately stated his name and address at the time of the rental; (2) his failure to return the property at the expiration date of the contract was *lawful*; (3) he failed to receive personal *notice of the written demand* by the lessor and (4) the property was returned within 72 hours of the commencement of the action.

■ Although the requirement that all of the foregoing elements must be satisfied may deprive a person of the statutory defense because he is unable to pay the amount due, this does not amount to a denial of equal protection. The classification has a reasonable basis which bears a natural and not arbitrary relationship to the prevention and punishment of embezzlement. *State v. Kelly*, 111 Ariz. 181, 526 P.2d 720 (1974); *State v. Norcross, supra; See also State v. Scofield, supra.*

■ Appellee asserts the statute should be subjected to strict scrutiny rather than the rational basis test here utilized, because the alleged classification rests on wealth. Wealth discrimination alone has not compelled strict scrutiny. *See San Antonio Independent School District v. Rodriguez*, 411 U.S. 1, 93 S.Ct. 1278, 36 L.Ed.2d 16 (1973); *United States v. Kras*, 409 U.S. 434, 93 S.Ct. 631, 34 L.Ed.2d 626 (1973); *Ortwein v. Schwab*, 410 U.S. 656, 93 S.Ct. 1172, 35 L.Ed.2d 572 (1973). Here an indigent defendant has not been deprived of all possible defenses on account of his impecuniosity. Instead he cannot avail himself of one statutory affirmative defense. On account of this fact and the fact that the Constitution does not guarantee an indigent the right to use another's property, with which he has been entrusted, and then not fulfill

the terms of the trust agreement, strict scrutiny is not required.

Since A.R.S. § 13–682 punishes people for embezzlement rather than being a tool for the enforcement of contracts, it does not violate Arizona's prohibition against imprisonment for debt. Nor does the statute violate the equal protection clause of the United States and Arizona Constitutions, because it has a rational basis.

The opinion of the Court of Appeals is vacated and the case is reversed and remanded for further proceedings not inconsistent with this opinion.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and HOLOHAN, JJ., concur.