618 P.2d 638

**STATE of Arizona, Appellee,**

v.

**Patricia L. MILLER, Appellant.**

**No. 1 CA–CR 4047.**

Court of Appeals of Arizona,
Division 1,
Department A.

Feb. 7, 1980.

Charles F. Hyder, Maricopa County Atty. by Daniel F. McIlroy, Deputy County Atty., Phoenix, for appellee.

Richard L. Thompson, Phoenix, for appellant.

## OPINION

FROEB, Presiding Judge.

The statute involved in this case provides for certain limited circumstances in which liquor may be sold on credit for on–premises consumption. The question for decision is whether appellant, a tavernkeeper, was denied equal protection of the law when convicted of selling liquor on credit in violation of the statute.

Appellant, Patricia Miller, was charged on October 27, 1978, with a violation of A.R.S. § 4–242(A), selling liquor on credit. A.R.S. § 4–242 provides:

A. It is unlawful for a licensee, or an employee or agent of a licensee, to sell or offer to sell, directly or indirectly, or to sanction the sale on credit of spirituous liquor, or to give, lend or advance money or anything of value to any person for the purpose of purchasing, or bartering for, spirituous liquor, except that sales of spirituous liquor consumed on the licensed premises may be included on bills rendered to registered guests in hotels and motels, and spirituous liquor sales for on–premises consumption only may be made with credit cards approved by the superintendent, and sales of spirituous liquor consumed on the premises of private clubs as defined in section 4–101 may be included on bills rendered to bona fide members.

B. Decisions of the superintendent regarding the validity of credit cards within the meaning and intent of this section shall be binding and final.

The charge arose when two Department of Public Safety officers entered Patty's Tavern in Phoenix to conduct a routine liquor license inspection. While there, one of the officers went to the back of the bar and saw a small indexed file box near the cash register. When asked, appellant identified the contents of the box as "tabs." There is no dispute that the "tabs" represent charges owing to Patty's Tavern for liquor consumed on the premises by patrons of the bar.

Appellant was found guilty as charged in the Northeast Phoenix Justice Court. In de novo proceedings in the Maricopa County Superior Court, appellant was again convicted and fined thirteen dollars. By reason of the provisions of A.R.S. § 22–375, appellant appeals to this court on the constitutional issue involved, having properly preserved the question for review in earlier proceedings.

Appellant argues that A.R.S. § 4–242(A), both on its face and as applied, unconstitutionally denies her equal protection of the law. She contends that a fundamental right to contract is involved and therefore the State must show that the statute is not merely rationally related to a valid public purpose but involves "a compelling state interest." *Kramer v. Union Free School District*, 395 U.S. 621, 89 S.Ct. 1886, 23 L.Ed.2d 583 (1969); *Shapiro v. Thompson*, 394 U.S. 618, 89 S.Ct. 1322, 22 L.Ed.2d 600 (1969); *Sherbert v. Verner*, 374 U.S. 398, 83 S.Ct. 1790, 10 L.Ed.2d 965 (1963); *Roe v. Wade*, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973). She argues that there is no showing of a compelling state interest to justify a difference in classification between licensees who are permitted to sell liquor on credit and those who are not.

At the outset, we reject the contention that the statute involves a "fundamental right" to contract. The sale of spiritu-

ous liquor is a privilege not a right and is subject to governmental licensing and control. 45 Am.Jur.2d, *Intoxicating Liquors*, § 22. Due to the effect of intoxicating liquor upon the public health, safety and welfare, its regulation or prohibition is justified under the police power. *Ibid.*, § 23; *Arizona State Liquor Board v. Ali*, 27 Ariz. App. 16, 550 P.2d 663 (1976). The power of the state to prohibit the sale of intoxicating liquor includes the power to permit its sale under definitely prescribed conditions. *Ibid.*, § 23. The sale of liquor on credit clearly falls within this authority.

■ Since a fundamental right is not here involved, the State need not demonstrate "a compelling state interest" in providing that certain categories of persons are entitled to sell intoxicating liquor on credit. Instead, the burden rests on appellant to establish that the statute infringes upon some constitutional guarantee or violates some constitutional principle. *State v. Arnett*, 119 Ariz. 38, 579 P.2d 542 (1978). There has been no such showing in this case.

In the face of a claim of denial of equal protection, it is necessary only that the classification "[H]ave some natural and reasonable basis and relationship to the object to be accomplished . . . ." *State v. Norcross*, 26 Ariz.App. 115, 546 P.2d 840 (1976); *see also Parks v. Allen*, 409 F.2d 210 (5th Cir. 1969), *appeal after remand*, 426 F.2d 610 (5th Cir. 1970).

Under A.R.S. § 4–242, sales of liquor on credit are prohibited except for three categories of "on–premises" consumption, namely, (1) in hotels and motels if included on "bills rendered to registered guests," (2) on any licensed premises by the use of "credit cards approved by the superintendent," and (3) in private clubs (as defined in A.R.S. § 4–101) if included on "bills rendered to bona fide members."

The first and third classifications exempt sales of liquor on credit for on–premises consumption where the consumption is incidental to other activities. The second classification exempts sales of liquor on credit for on–premises consumption in those in-

stances where a credit card approved by the superintendent is used.

A rational basis for the first and third classifications is readily apparent. The legislature could well have determined that the deleterious effect of the credit sale of intoxicating liquor is not present when incidental to staying at a motel or hotel or participating in a private club. A rational basis for the second classification is present but is not so apparent. The legislature appears to have determined that while a sale of liquor on the basis of credit extended by the *seller* should be prohibited, a sale of liquor on the basis of credit extended by a *third party* by means of a "credit card" does not have the same untoward ingredient. The combined effect of the extension of credit and the sale of liquor by the same person or entity potentiates the social problem already inherent in on–premises public consumption of liquor. This enhanced problem is not present where credit must be established and extended by a party unrelated to the transaction. The legislature could reasonably conclude this in enacting the second classification. In using the term "credit cards" in A.R.S. § 4–242, the legislature intended that the term refer to credit cards issued by an entity other than the entity making the sale. Otherwise, the term would be contradictory to the first portion of A.R.S. § 4–242(A) which prohibits a sale of intoxicating liquor made on the credit of the seller.

Finally, it should be noted that there is no issue raised or decided in this case concerning the delegation of authority to the superintendent of the Department of Liquor Licenses and Control to determine conclusively which credit cards will be acceptable for on–premises purchase of intoxicating liquor.

Affirmed.

DONOFRIO, J., and McFATE, J., Retired.

NOTE: The Honorable YALE McFATE, a retired judge of a court of record, was authorized to participate by the Chief

Justice of the Arizona Supreme Court pursuant to Ariz.Const. art. VI, § 20.