670 P.2d 1178

The STATE of Arizona, Appellee,

v.

Josiah George NEWELL, Appellant.

No. 2 CA–CR 2862.

Court of Appeals of Arizona, Division 2.

June 14, 1983.

Rehearing Denied Sept. 30, 1983.

Review Denied Oct. 25, 1983.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III and Gregory A. McCarthy, Asst. Attys. Gen., Phoenix, for appellee.

Frederic J. Dardis, Pima County Public Defender by Constance L. Trecartin, Tucson, for appellant.

## OPINION

HOWARD, Chief Judge.

Appellant entered into a one-week car rental agreement with National Car Rentals in Tucson, renting a 1982 Toyota Corolla. He did not return the car to the car rental agency when the term of the lease expired and one month later, while he was traveling to Texas, he was arrested for being in possession of a stolen car. He was tried before a jury on one count of theft of property of a value of more than $1,000 and one count of fraudulent use of a credit card

exceeding $100. When the jury went to deliberate, it took with it, as an exhibit in evidence, the car rental agreement which stated, inter alia, that if he did not return the car within 72 hours of the specified date and time he would be subject to imprisonment in the state prison for 1.9 years or a fine of up to $150,000. No objection was ever made to the admission of this exhibit or to any of the matter contained thereon.

The jury found appellant guilty on both counts and he was sentenced to five years' probation and restitution of $1,195.17 on the theft conviction and three years' probation on the fraudulent use of a credit card conviction, the latter offense being designated a misdemeanor, and both sentences to run concurrently.

He contends on appeal (1) that fundamental error was committed by allowing the jury to have before it an exhibit having information regarding punishment; (2) that the trial court erred in refusing to instruct the jury on the offense of unlawful failure to return rental property as a lesser-included offense of theft; and (3) that failure to instruct the jury on the issue of fraud resulted in an unconstitutional application of the theft statute. We do not agree and affirm.

Admission of the exhibit was not fundamental error. It did not go to the foundation of the case, or take from appellant a right essential to his defense. Nor was this such an error as to make it impossible for appellant to have a fair trial. *State v. Thomas,* 130 Ariz. 432, 636 P.2d 1214 (1981). Absent fundamental error, lack of a timely objection operates as a waiver on appeal. *State v. Nelson,* 129 Ariz. 582, 633 P.2d 391 (1981). Furthermore, the trial court in its final instructions directed the jury to disregard possible punishment.

In determining whether an offense is a lesser-included one, the test is whether the greater offense cannot be committed without necessarily committing the lesser. *State v. Malloy,* 131 Ariz. 125, 639 P.2d 315 (1981). Appellant was charged and convict-

ed of theft by conversion in violation of A.R.S. § 13–1802(A)(2) which states:

"A. A person commits theft if, without lawful authority, such person knowingly:

\* \* \* \* \* \*

2. Converts for an unauthorized term or use services or property of another entrusted to the defendant or placed in the defendant's possession for a limited, authorized term or use; . . ."

Unlawful failure to return rented property is defined in A.R.S. § 13–1806(A) and (B):

"A. A person commits unlawful failure to return rented property if, without notice to and permission of the lessor of property leased for a period of thirty-one days or less, such person knowingly fails without good cause to return such property within seventy-two hours after the time provided for such return in the rental agreement.

B. The lessor shall include within the rental agreement, in bold print, clear written notice to the lessee of the date and time on which return of the property is required and of the maximum penalties to which the lessee shall be subject upon failure to return the property within seventy-two hours of that date and time."

It is obvious that a person can commit theft in violation of A.R.S. § 13–1802(A)(2) without committing the offense of unlawful failure to return rented property, A.R.S. § 13–1806. For example, A, an employer, entrusts his automobile to B, his employee, with instructions to drive to Phoenix and deliver a package to a customer. B instead drives to California where he remains for three weeks until he is arrested. While B violated A.R.S. § 13–1802(A)(2) it is clear that he did not violate A.R.S. § 13–1806 since there was no written rental agreement between A and B.

Next, citing the case of *State v. Leeman,* 119 Ariz. 459, 581 P.2d 693 (1978), appellant contends that unless the jury is instructed on the issue of fraud that the theft/embezzlement statute is unconstitutional since it violates Art. 2, § 18 of the Arizona Constitution which prohibits imprisonment for debt except in cases of fraud. Appellant has completely misread *State v. Leeman,* supra. It does not stand for the principle that there must be fraud in order for there to be a constitutional conviction of theft by embezzlement. *Leeman* concerns the construction of former A.R.S. § 13–682 which is not relevant to this case.

Affirmed.

HATHAWAY and BIRDSALL, JJ., concur.